STATE OF MAINE *vs*. CORNELIUS D. SHEA.

Hancock.     Opinion, March 1, 1933.

*Percy T. Clarke*, County Attorney for the State.
*Edward P. Murray*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J. After indictment, trial and verdict of guilty of the crime of assault and battery respondent brings his case to this court, on an exception to the admission of evidence, and on motion to have the verdict set aside on the ground of newly discovered evidence, with record of the same.

The assault is alleged to have been committed on May 19, 1931. Trial was had at the September term of that year.

The record shows that the complaining witness, hereinafter called the complainant, was a blacksmith, doing business in a shop off Oak Street in the city of Ellsworth; that he worked for a while in the shop, after supper, on the evening of May 19, Carrol S. Johnson assisting him; that, at about half past nine, that evening, he, Johnson and Albert J. Clark were in the shop when respondent drove his car in the driveway, near to the shop, and finding the door of the shop closed and made fast, went to the nearest side window to look within; that by the time respondent reached the window the light in the shop had been turned off; that respondent presented a glowing flashlight to the window and a missile, flung from within, shattered the window. As to these preliminary facts there is no dispute.

Respondent testified that he had left his home that evening, driving his car, had picked up three men off the street soon after seven o'clock; had entertained them with talk and smoking and had driven them about the city for more than two hours, turning off Oak Street into the shop driveway for the purpose of having a draw-bar shortened.

Complainant testified that respondent came to the shop because he "had lost a three-gallon can of alcohol, and thought I stole it."

Johnson testified to the events of the evening, before the shop door was opened, and stated that respondent was at the shop, "to recover a three gallon-can of alcohol."

He was then asked by the State's attorney, "And what do you know about the three-gallon can of alcohol?"

Objection to this question was noted, overruled, and exception was taken. Then followed:

"Q. Tell us what you know about the three-gallon can of alcohol which you have testified to? You know what reason Shea, the respondent, had for coming to the premises that night?

A. It was taken off his premises.

Q. By whom?

A. Albert Clark.

Q. Who was in the shop?

A. He was at the time I was there.

Q. How do you know Albert Clark took it off?

A. I saw him take it off.

Q. And where was the alcohol carried?

A. Brought to the shop, but Sinclair wouldn't let him keep it there."

The report contains evidence as to drinking in the shop that evening; and the knowledge of the witness, brought out by the question which was objected to, was material.

The exception fails.

On motion for a new trial on the ground of newly discovered evidence, this Court has recently stated that it is not demanded of right and can be granted only when certain conditions appear. "The evidence supporting such a motion must be material and not merely cumulative or impeaching. It must have been discovered since the trial, and it must appear that it could not have been discovered before the trial by the exercise of due diligence. It must be such as will probably change the result," if a new trial is granted. *Bolduc* v. *Garcelon*, 127 Me., 482, 144 A., 395, 396.

The respondent did not deny felling complainant to the ground, after the latter had opened the shop door, and inflicting grievous wounds on his head, nor did he deny that he struck with a heavy revolver. He claimed, however, that complainant was the aggressor, and attempted to justify in self defense.

Two witnesses were examined on the motion. One, Clark, who was in the shop and yard during the struggle, gave testimony that is only cumulative. The other, Young, testified in direct contra-

diction to the State's witnesses on two points of slight significance. But his testimony that he lay asleep in a chamber only a few feet from the shop door, and heard nothing of the fight would appeal only to the credulous; while what he said as to blood spots and the shop door being unlocked on the night of the alleged assault, would not in our opinion outweigh testimony of the late sheriff and Mr. Lovell.

Clark was a well-known character in Ellsworth, son of the then street commissioner.

He was subpoenaed to testify for the State on May 21, 1931, but left the city that morning.

Young had for eleven years made his home with the Mrs. Clement who lived in the house nearest the blacksmith shop, where complainant washed his wounds that night. It can not be said that due diligence was exercised and failed to produce these men at the trial, four months after the assault.

We can not believe that upon new trial the evidence of these two would probably change the result.

*Exception overruled.*
*Motion overruled.*
*Judgment for the State.*