ISAAC DANSKY *vs.* EINO KOTIMAKI.

BLANCHE SMALL *vs.* SAME.

ISAAC DANSKY, Admr. *vs.* SAME.

Kennebec. Opinion November 20, 1925.

*A violation of the statutory rule of the road, which, at crossings, gives the right of way to vehicles approaching from the right, is prima facie evidence of negligence. Lack of knowledge of an intersecting road on the part of a driver does not justify him in driving as though there were no intersecting roads. The negligence of the driver is not imputable to a passenger.*

A motorist approaching to enter upon a highway crossing is not under ordinary circumstances required to stop. To listen may avail nothing. But he must look. There are vastly more automobiles than trains and some at least are less noisy than trains. For this reason the duty of looking upon entering a highway intersection is even more imperative than at a railroad crossing.

The collision which gave rise to these actions was due to the joint negligence of the defendant and the plaintiff's driver. Therefore in the actions brought by the plaintiff as owner of the damaged car, and as administrator of the driver

who was killed by the accident, judgment must be rendered for the defendant. But Blanche Small, the other plaintiff, was a passenger, to whom the negligence of the driver is not imputable, and not being guilty of contributory negligence, is entitled to judgment for twelve hundred dollars.

On report. Three actions to recover damages resulting from an automobile collision which occurred on August 3, 1924, at crossroads on the highway between Norway Lake and Harrison. At the conclusion of the evidence by agreement of the parties the cases were reported to the Law Court. Judgment for defendant in *Dansky* v. *Kotimaki*, and in *Dansky, Admr.* v. *Same*, and judgment for plaintiff in *Small* v. *Same*, for twelve hundred dollars.

The case sufficiently appears in the opinion.

*G. F. Gallert and Perkins & Weeks*, for plaintiffs.

*Pattangall, Locke & Perkins*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DEASY, J. Between Norway Lake and Harrison a public road running approximately North and South is crossed at right angles by another public road. On August 3d, 1924 at the intersection of these roads the automobile of the plaintiff, Dansky, going West and that of the defendant, going north came into collision. The plaintiff's car was at the time of the accident driven, in his service, by his stepson, a boy of eighteen years named Abraham Smith. Besides the driver there were riding in the car at the time three passengers. Mr. and Mrs. Russell and Mrs. Blanche Small. The last named was riding upon invitation of Smith, the driver. As the result of the collision the driver was killed, all of the passengers injured and the plaintiff's car badly damaged.

With the defendant who was driving his own car were his father, mother, brother and a girl of twelve years.

Three suits are before the court on report. One brought by Isaac Dansky as Administrator of Abraham Smith, one by Dansky as owner of the car and the third by Mrs. Small.

In cases reported to the Law Court because of questions of law involved (R. S., Chap. 82, Sec. 46), this court also passes upon the facts. But it does not deem it necessary to include in its opinion an analysis of the testimony. Detailed reasons for reaching con-

clusions of fact have no value as precedents and uselessly encumber the reports. We shall therefore give reasons for such conclusions only in outline.

Act of 1923, Chapter 9 establishes a rule of the road applicable to this case thus:—"All vehicles shall have the right of way over other vehicles approaching at intersecting public ways from the left and shall give the right of way to those approaching from the right."

As before stated the plaintiff's car was going West and the defendant's North. The plaintiff's car therefore, had the right of way.

The statute required the defendant to "give the right of way" to the plaintiff who was "approaching from the right." This circumstance did not absolve the plaintiff's servant from the duty of exercising due care. It does not establish absolutely the defendant's liability. But, nothing else appearing, it sustains the burden of proving the defendant's negligence, which burden primarily rested upon the plaintiff. It creates a presumption in favor of the plaintiff which the defendant must overcome if he would prevail.

"It has frequently been decided that violation of the law of the road is prima facie evidence of negligence on the part of the person disobeying it." 13 R. C. L., Page 287. See *Brillinger* v. *Ozias*, 174 N. Y. S., 282; *Black.* v. *Mark*, (Penn.), 116 Atl., 656; *Gibbs* v. *Almstrom*, (Minn.), 176 N. W., 173; *Harris* v. *Johnson*, (Cal.), 161 Pac., 1155; *Hiscock* v. *Phinney*, (Wash.), 142 Pac., 461. *Neal* v. *Rendell*, 98 Maine, 73.

In his attempt to overcome the presumption against him the defendant has not succeeded. He did not give the right of way to the plaintiff as the statutory rule commands. There is indeed a conflict of evidence as to which car ran into the other. The plaintiff says that the defendant drove out from the intersecting street, on the left, and rammed his car. The defendant's version is that he drove from the left to the center of the East and West road and at the time of the collision was "just coming to a stop" so as to give the plaintiff's car an opportunity to pass by swerving to the side of the road. But this does not satisfy the rule. Upon either theory the defendant was negligent.

A motorist approaching to enter upon a highway crossing is not under ordinary circumstances required to stop. To listen may avail nothing. But he must look. The fact that at least some automobiles do not herald their approach with the rumble of a railroad

train, and the further fact that there are vastly more automobiles than trains, makes the duty of looking upon entering a highway intersection even more imperative than at a railroad crossing.

The defendant was acquainted with the road and with the crossing. He saw or by reasonable vigilance might have seen the plaintiff's car in time to "give the right of way" to it. We are convinced that the defendant either negligently drove upon the crossing without looking, or more negligently drove upon it after looking and seeing the plaintiff's car approaching from the right and near at hand..

Upon the question of the defendant's negligence it is not decisive nor very important if he sounded his horn as he claims, and as some witnesses testify. If he did not sound his horn there might be another reason for charging him with negligence. But in the law requiring motorists to give the right of way to cars approaching from the right there is no exception in favor of those who blow horns.

It is no answer for the defendant to say that until he had almost reached the crossing itself, trees obscured his vision in the direction from which the plaintiff's car was coming. That circumstance should have increased his vigilance. He should have kept, or at all events tried to keep, his car so under control as to be able to "give the right of way to those approaching from the right." This he failed to do.

But the accident was not due wholly to the defendant's failure to observe the rule of the road. The preponderance of evidence shows that the plaintiff's servant was also at fault. He was driving faster than was reasonably prudent.

A rate of speed at which a motorist may safely, properly and lawfully drive over a hard, level and familiar road may be negligent where, as in this case, he is driving down hill over a strange and sandy road.

The driver had no knowledge of an intersecting road, but this fact did not justify him in driving as if there were no intersecting roads.

Despite the evidence of two undoubtedly reputable witnesses, who were passengers in the plaintiff's car, and who estimate the speed at fifteen to twenty miles an hour, we believe that it was moving much faster than that when the brakes were first applied.

From the evidence of a disinterested, though inexperienced eye witness, the testimony of two apparently reliable and intelligent men as to the speed of the plaintiff's car a few minutes before, not showing

negligence at the time of the accident, but contradicting and impeaching the plaintiff's chief witness; the immediate reaction of the impact upon the two cars; the record which the cars themselves inscribed upon the road-bed and the positions and condition of the machines after the accident, we are convinced that want of due care on the part of the plaintiff's driver contributed to the accident.

Contributory negligence on the part of Smith being affirmatively shown, judgment for the defendant must be entered, not only in Dansky's individual action, but in the suit brought by him as Administrator.

But Blanche Small was a mere passenger. Abraham Smith was not her servant. His negligence was not imputable to her. She is the victim of the joint negligence of Kotimaki and Smith.

She was bound to exercise some degree of care. But this duty did not require or empower her to assume control of the car. She could not wholly escape the duty of keeping a lookout and warning the driver of apparent danger.

But the terrain between the two roads along which the two cars approached each other was covered with trees. The defendant testifies that when he first saw the Dansky car it was only twenty feet distant from him. If Mrs. Small discovered the defendant's car at the same time, the collision occurred almost instantaneously after she first saw it. It does not appear that she could have done anything to avert the collision.

While affirmative evidence is slight, we think that she is not chargeable with contributory negligence. Twelve hundred dollars will we think reasonably compensate her.

In 576 *Dansky* v. *Kotimaki* and 578 *Dansky, Admr.* v. *Same.*

*Judgment for defendant.*

In 577 *Small* v. *Same.*

*Judgment for Plaintiff for $1,200.*