EDWIN J. KELLY *vs.* WALTER SIMPSON.

JANUARY 28, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence arising out of a collision between two automobiles. The trial in the Superior Court resulted in a verdict for the defendant and the case is before us on the plaintiff's exception to an instruction that the law governing the right of way when two vehicles approach the intersection of streets is applicable in the case.

The accident occurred at the corner of North Main and Olney streets in the city of Providence. The defendant's car was being driven down grade on Olney street in a westerly direction and the plaintiff's car was being driven down grade on North Main street in a northerly direction. The grade of Olney street at the point of collision is much steeper than the grade of North Main street. A light snow had fallen causing the streets to be slippery and neither car was equipped with chains. A building on the southeast corner of the two streets extends to the sidewalk making a blind corner. When the two cars were about the same distance from the intersection the chauffeurs saw each other and defendant's chauffeur put on his brakes and skidded into the intersection. Plaintiff's chauffeur by increasing his speed attempted to pass in front of the defendant, and the two cars collided at the center of the intersection.

Section 1, Chap. 99, G. L. 1923, provides that: "Every driver or operator of a carriage or other vehicle approaching the intersection of a street or public highway shall grant the right of way at such intersection to any carriage or vehicle approaching from his right." The instruction excepted to was as follows: "There is also a provision that every driver or operator of a carriage or other vehicle approaching an intersection of a street or public highway shall grant the right of way at such an intersection to any carriage or vehicle approaching from his right. That of course must be construed—what I have just read—with reference to the other one, that a driver must slow down as he approaches a corner. It does not mean, of course, that the operator of the machine coming from the right can dash out and the

other man has got to look out for himself; it means that both people must approach the corner carefully, and if they approach there about the same time the man coming from the right shall have the right of way and the other shall give way to him."

There was testimony that the two machines approached the junction of the two streets at about the same time.

Olney street joins at nearly right angles but does not cross North Main street, and the question raised by the exception is whether, within the meaning of the statute above quoted, there is an intersection of the two streets.

The plaintiff contends that streets which join but do not cross each other do not form an intersection and, hence, that the statute is inapplicable.

The object of the statutory rule is to prevent collision between conflicting traffic. The danger of collision is of the same character at the junction of roads as at crossroads. Knowing the evil sought to be remedied, the act should, if the language permits, be so construed as to embrace all situations in which the evil exists.

The definitions, as contained in dictionaries, of the word "intersection" give some color to plaintiff's contention, but considering the spirit and purpose of the act we think that the legislature intended to establish a rule for regulating vehicular traffic at the junction of two streets whether crossing each other or not. This conclusion is supported by the great weight of authority. See *Holman* v. *Ivins*, 150 Minn. 285; *Buckey* v. *White*, 137 Md. 124; *Pangborn* v. *Widdicomb Co.*, 223 Mich. 181; *Hayes* v. *State*, 11 Ga. App. 371; *Manly* v. *Abernathy*, 167 N. C. 220; *Mapp* v. *Holland*, 138 Va. 519; *Murphy* v. *Philadelphia Rapid Transit Co.*, 285 Pa. 399; Berry, Automobiles, 5th ed. § 308; Huddy on Automobiles, 8th ed. § 27; Babbitt, Motor Vehicles, 3rd ed. § 529.

Many of the cases relied upon by the plaintiff are distinguished in *Mapp* v. *Holland, supra*, as follows: "Of these cases, it is sufficient to say that none of them involve

any writing the purpose of which was to determine and ordain, as between conflicting traffic, what vehicles had the right of way. Hence we do not regard them as in point or analogous." After the opinion was rendered in *Atwood* v. *Conn. Co.*, 82 Conn. 539, 74 A. 899, the Connecticut legislature passed an act defining an "intersecting highway" as follows: " 'Intersecting highway' shall include any public highway which joins another at an angle whether or not it crosses the other." *Rohde* v. *Nock*, 126 A. (Conn.) 335, *Neumann* v. *Apter*, 95 Conn. 695. Massachusetts and California have similar statutes. *Commonwealth* v. *Cassidy*, 209 Mass. 24; *Lawrence* v. *Goodwill*, 44 Cal. App. 440.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Thomas P. Corcoran, Charles E. Mangan*, for plaintiff.
*Henry M. Boss, Jr., Boss, Shepard & McMahon*, for defendant.