WILLIAM H. ROUSE *vs.* DORIS SCOTT.

Aroostook.     Opinion, February 27, 1933.

*A. S. Crawford, Jr.*, for plaintiff.
*Bernard Archibald*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. In this action on the case for negligence, the defendant reserved an exception to the denial of her motion for a directed verdict and filed a general motion for a new trial.

The evidence clearly shows that the defendant, on the evening of August 29, 1931, drove her Chevrolet roadster northerly on Court Street in Houlton, slowed down or stopped nearly opposite Leonard Street, which intersects from the west and she was about to enter, then proceeded slowly across Court Street and had reached the gravel shoulder beyond the tarvia when her car was struck by the motorcycle which the plaintiff was driving southerly on the right-hand side of Court Street. The car and motorcycle were badly damaged. The plaintiff was seriously injured.

In turning her car across Court Street, the defendant passed, not to the right, but to the left of the intersection of the medial lines of the ways in violation of the Motor Vehicle Law. R. S., Chap. 29, Sec. 74. This was *prima facie* evidence of her negligence. *Bolduc* v. *Garcelon*, 127 Me., 482, 144 A., 395. And while the failure of the defendant to observe the law of the road does not establish absolutely her liability, the presumption created is sufficient, nothing else appearing, to sustain the burden which was on the plaintiff to prove the defendant's negligence. *Dansky* v. *Kotimaki*, 125 Me., 72, 74, 130 A., 871.

It is not necessary, however, to consider the correctness of the finding of the jury on this issue. The plaintiff not only had the

burden of establishing the negligence of the defendant, but also that he himself was free from negligence which was a contributing proximate cause of the collision. The controlling question here is whether he has proved his own due care.

Upon his own admissions, the plaintiff was driving his motorcycle at least twenty-five miles an hour when it struck the defendant's car, and this had been his speed for some little distance. When about sixty-six feet from the point of collision, he saw the defendant's car coming towards him on the opposite side of the street, but paid no particular attention to it further and did not notice it was swinging across the street until, as he expresses it, "we were right together." He says that he then had neither time nor opportunity to reduce his speed or do more than swing his motorcycle slightly to the left.

There can be no doubt that the beams of the headlights of the defendant's car, as she turned it, were thrown directly into the plaintiff's line of vision as he came towards her from the opposite direction, and clearly indicated the left-hand swing of the car. The evidence is that the turn and the crossing of the street was made slowly with the car in low gear. The plaintiff's view of the street ahead was unobstructed and he insists that his vision was not at all impaired by the beating rain. Upon the plaintiff's own account of his conduct, and no evidence more favorable to his case appears in the record, his failure to notice the defendant's car from the time it was on the right-hand side of the street until it had crossed almost to the point of collision can only be attributed to his thoughtless inattention, without which he would have seen the car coming into and across his path and, by a proper operation of his motorcycle, could have avoided the accident. A motor vehicle operator is bound "to use his eyes to see seasonably that which is open and apparent, and take knowledge of obvious dangers. When he knows, or reasonably ought to know, the danger, it is for him to govern himself suitably. Thoughtless inattention on the highway, as elsewhere in life, spells negligence." *Callahan* v. *Bridges Sons*, 128 Me., 346, 349, 147 A., 423, 424.

We think the jury committed a manifest error in giving a verdict for the plaintiff in this case. He was grievously injured, but on this record was himself negligent. A great sympathy for his suffering

and misfortune can not set aside the settled rules which govern his right of recovery, nor can a verdict stand upon a finding which results from a misconception of the law and the facts of the case. We are convinced that this verdict rests on the one error or the other and can not be sustained.

It is unnecessary to pass upon the exception to the refusal of the trial Judge to direct a verdict. The defendant is entitled to a new trial. It is granted on her General Motion.

*Motion sustained.*

*New trial granted.*