FRANK L. RAWSON *vs.* HARRY STIMAN.

Cumberland.     Opinion, January 1, 1935.

*Jacob H. Berman,*
*Edward J. Berman,* for plaintiff.
*Verrill, Hale Booth & Ives,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J.   This case, an action of tort, was heard by the Court without jury. It arose from a collision, on a main highway in New Gloucester.

Plaintiff, driving his automobile, approached a truck, owned by the defendant and then operated by defendant's minor son on the father's business, both vehicles running in the same direction.

Plaintiff attempted to pass defendant's truck, on its left; the truck was turned left to enter a lateral road which joined the main highway on that side, and at or in the junction of the roads the collision, for which damages are claimed, occurred.

The judgment of the Court was for the defendant, and the case is here on plaintiff's exceptions to findings of fact and rulings of law of the Justice.

The record presents none of the pleadings or evidence.

It is a bill of exceptions containing nothing but the plaintiff's requested rulings and the findings and rulings, as given.

The road into which the truck was being directed when the collision occurred did not extend beyond the main highway — it entered the same and merged with it in either direction.

The Justice found and ruled as follows: "I find the following to be the material facts:

The collision occurred in open country while both motor vehicles were proceeding in the same direction, defendant's truck leading, along a two-track cement highway in the town of New Gloucester, at a point where a country road makes a junction with the cement highway. This country road did not cross the cement road but extended therefrom to the left of the drivers of the vehicles. The collision occurred upon the left side of the center of the cement highway at the junction of these roads. Defendant's truck made a turn to the left, the driver intending to enter the country road, while the plaintiff at the same instant attempted to pass the truck. The driver of defendant's truck gave no warning of his intention to cross the left side of the highway. The plaintiff, before attempting to pass, sounded his horn, and, while passing, was proceeding at a reasonable rate of speed.

Upon these facts I rule:

That the junction of roads described in the findings of facts constitutes an 'Intersection of ways' under the provisions of the statutes of this State prohibiting automobiles from passing other cars at such intersections.

That the violation of the statute prohibiting the passing of automobiles at intersecting ways, by the plaintiff, raises a *prima facie* presumption of negligence on his part which is conclusive unless rebutted by evidence.

Applying the rules of law to the facts, I find that—

1. The defendant was guilty of negligence.

2. The plaintiff was guilty of contributory negligence.

Requests by plaintiff for findings of facts and rulings of law not in accordance with the findings herein contained are denied and exceptions to such denial are allowed.

Judgment for defendant."

Two exceptions were argued:

"1. That in view of the fact that the Court found that the collision occurred in open country while both motor vehicles were proceeding in the same direction, the defendant's truck leading, along a two-track cement highway in the town of New Gloucester, at a point where a country road makes a junction with the cement highway, the country road not crossing the cement road, but extending therefrom to the left of the drivers of the vehicles, the Court erred in ruling that the junction of roads described as above constitutes an 'intersection of ways' under the provisions of the statutes of this State prohibiting automobiles from passing other cars at such intersections.

2. The plaintiff excepts to the Court's ruling as a matter of law, 'That the violation of the statute prohibiting the passing of automobiles at intersecting ways, by the plaintiff, raises a *prima facie* presumption of negligence on his part which is conclusive unless rebutted by evidence.' "

Negligence of defendant is conceded, and in this case contributory negligence of plaintiff, if proved, will end the contention of the latter.

The Justice finds as matter of fact (assuming the warning given within a reasonable interval before the attempted passing) that the plaintiff sounded his automobile horn before attempting to pass the truck, and "while passing, was proceeding at a reasonable rate of speed."

But, if the main highway and the lateral road form an intersection of ways where they join, the plaintiff attempted to pass the truck in thoughtless or reckless violation of the law of the road; "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of ways unless permitted so to do by a traffic or police officer." R. S., Chap. 29, Sec. 71.

The contention of the plaintiff is novel. It has not been ruled on in the decided cases of this state.

It is that where a lateral road enters another highway but does not continue by emergence from the other side of that highway

the two do not form an "intersection of ways", within the meaning of the statute. This court has not heretofore been called upon to determine the precise point raised by this exception, although it seems to have been assumed in *Field* v. *Webber*, 132 Me., 236, 169 A., 732, that a crossing, such as in the case at bar, is an intersection. But determination of it has been had in many other courts of last resort, and it is said to be the almost unanimous decision that statutes and ordinances regulating the conduct of drivers at intersections apply without exception whether a highway completely crosses and extends beyond another or merely enters such other.

Such is the ruling in: *Pangborn* v. *Widdicomb Co.*, 223 Mich., 181, 193, N. W., 817 ; *Gosma* v. *Adams*, Fla. (1931) 135 So., 806, 78 A.L.R., 1193 ; *Kelly* v. *Simpson*, 50 R.I., 10, 144 A., 435 ; *Mapp* v. *Holland*, 138 Va., 519, 122 S. E., 430, 37 A. L. R., 478, and in cases cited in the opinions and in the annotations in cited volumes of A. L. R. It is based on the fact that the danger of collision is of the same character at the junction of roads as at the crossing of roads ; that the object of the statutory provision is to prevent collision of traffic ; and the rule of construction that knowing the evil sought to be remedied, the statute, if the language permits, should be so construed as to embrace all situations in which the evil exists.

Hence we hold that the ruling excepted to below on this point was correct.

As to the second exception: It is self-evident that plaintiff's action in disregard of the prohibition of the statute was a proximate cause of the collision, and, it being admitted that defendant was guilty of negligence, we have concurring, causal acts of negligence on the part of both plaintiff and defendant, both proximate causes of the collision.

It is complained that the Justice erred in law in stating that plaintiff's violation of the prohibiting statute raised a *"prima facie* presumption of negligence on his part", contributory negligence on his part", contributory negligence.

This Court has invariably held that driving on a highway in violation of the law of the road, when the immediate natural result of disobeying the mandate of the statute is a proximate cause of

accident, raises "some presumption" against the driver, *Neal* v. *Rendall*, 98 Me., 69, 56 A., 209 ; "Unexplained and uncontrolled it would not only be 'strong' but conclusive 'evidence of carelessness' " ; *Larrabee* v. *Sewall*, 66 Me., 376 ; *Dansky* v. *Kotimaki*, 125 Me., 72, 130 A., 871 ; *Coombs* v. *Mackley*, 127 Me., 335, 143 A., 261, and has termed such act *prima facie* evidence of negligence, *Bragdon* v. *Kellogg*, 118 Me., 42, 105 A., 433 ; *Rouse* v. *Scott*, 132 Me., 22, 164 A., 872.

In the case at bar there was evidence of negligence on the part of plaintiff.

In the mind and expression of the court there was a "presumption of negligence" on plaintiff's part. Upon its first appearance or the first expression of evidence of it the presumption was but *prima facie*, (if recourse may be had to the language of English courts of former times) for a presumption, upon its first appearance, has but *prima facie* value, if any. Uncontrolled and unexplained, as in the case at bar, that presumption hardens into evidence of negligence.

The learned Justice preferred to use a Latin modifier. It is probable that to him these words, in common use among lawyers, seemed best to convey the idea he wished to express, that any act of a driver of a vehicle upon a highway, when that act is in violation of a law of the road, and is also a proximate cause of injury to another, rightfully upon the road, is a negligent act, and that the introduction in evidence of the commission of that act raises at once a presumption of negligence.

So interpreting his findings of law, we deem them correct.

*Exceptions overruled.*