GEORGE R. ROBINSON ET AL.

*vs.*

HENRY J. LESAGE

York.   Opinion, September 1, 1950.

*Libby & Thorne,* for plaintiffs.

*Richard Small,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MURCHIE, C. J.   A stipulation herein establishes factually that plaintiffs are the owners of a dwelling house, and that it was damaged to the amount of $622 by the impact of a trailer truck operated by the defendant.

The house is situated on the westerly side of a three-lane highway on which the defendant was operating his truck.

It stands immediately north of a road which intersects the highway on the west. Defendant's truck was the third of three approaching the intersection from the south, on a slight downgrade, just prior to the accident. That resulted from his attempt to follow the truck immediately ahead of him in passing a lumber truck which was first in line when it stopped at the easterly limit of the traveled portion of the highway, opposite the intersecting road, to enter the latter. The stopped truck started across the highway without signal after one had passed, turning directly into defendant's path. The negligence of the driver of the stopped truck was undoubtedly a proximate cause of the damage suffered by the plaintiffs. In the present process they are seeking recovery from the defendant alone, alleging that he was negligent in driving at excessive speed and in failing to keep his vehicle under control, to stop it, and to avoid colliding with the house. The plaintiffs were not present when the accident occurred. There can be no question of contributory negligence. The sole issues are whether the defendant was negligent, and, if so, whether his negligence was also a proximate cause. It is well established law that where two persons acting independently are negligent, one damaged thereby may recover from either. *Hutchins* v. *Emery,* 134 Me. 205, 183 A. 754, and cases cited therein. As that case declares:

"Each of two independent torts may be a substantial factor in the production of injury."

The case was referred to a referee who decided for the defendant on the ground, as his report shows, that the negligence of the vehicle which started across the highway was the sole proximate cause of the damage. He found, specifically, that defendant was not negligent "prior" thereto; that that development created an emergency in which he should not be charged with the same strictness as to care otherwise applicable; and that he was not negligent in acting, or failing to act, thereafter, as he did. The right of

exceptions on matters of law was reserved to the parties in the reference.

Objections in writing to the report of the referee were filed in court, pursuant to Rule 21 of the Rules of Court, and were overruled. The exceptions, challenging the acceptance of the report, like the objections, are four in number and are identically stated, except that the third exception amplifies the third objection. That objection closes with the recital that the finding that defendant was not negligent prior to the time the lumber truck started to cross the road "is clearly against the evidence." The exception repeats the objection verbatim and adds, to quote the controlling words:

> "inasmuch as it is clear, from all the evidence, that the Defendant was plainly guilty of negligence",

asserting that such negligence was a proximate cause of the damage. The exception would satisfy, as the objection would not, the distinction drawn by Mr. Justice Manser in *Courtenay* v. *Gagne, et al.*, 141 Me. 302, 43 A. (2nd) 817, between the function of this court in reviewing a verdict on a motion to set it aside and the action of a referee when exceptions are prosecuted involving any factual decision on his part. In the *Courtenay* case it is stated that:

> "In this respect there is a clear distinction between the verdict of a jury and the award of a referee. Upon a motion to set aside a verdict, the Court is called upon to pass on the question of whether such verdict was against the evidence and manifestly against the weight of the evidence. Upon this award, as the question is one of law, it is whether there is any evidence, or as stated in some decisions, any evidence of probative value to support the finding."

The first and second exceptions must be overruled summarily on the basis of what was said very recently in *Kennebunk, Kennebunkport & Wells Water District* v. *Maine*

*Turnpike Authority,* 145 Me. 35, 71 A. (2nd) 520. They are in language of identical effect with those disposed of therein, except that the second in this instance declares the report "against the law," where in that case the second declared it "against the weight of the evidence." Those exceptions were disposed of by saying:

> "Objections (1) and (2) are so manifestly insufficient under Rule XLII and Rule XXI as interpreted in Staples v. Littlefield * * * that they could not be considered by the Justice to whom the report was presented for acceptance, nor need we give them further consideration."

The third exception, with its amplification of the third objection, may indicate recognition that, as stated by Mr. Justice Merrill in *Kennebunk, Kennebunkport & Wells Water District* v. *Maine Turnpike Authority, supra,* the latter "could not be considered by the justice to whom the report was presented for acceptance." Whether the allowance of an exception indicating that an objection was overruled on a ground broader than the usual import of its language gives it the standing it would have had if that broader ground had been alleged need not now be decided. The fourth exception is not only adequate to require that the exceptions be sustained, but involves the implicit reassertion of the factual finding challenged by the third. The decision that the defendant was acting in an emergency involves a finding that no negligence on his part contributed to its origin. The authorities make it clear that otherwise the emergency principle is not applicable. *Coombs* v. *Mackley,* 127 Me. 335, 143 A. 261; 5 Am. Jur. 600, Sec. 171.

The fourth exception challenges directly nothing more than the decision that the emergency was created for the defendant, with all the implications incident thereto, although its allegation that "all the evidence" shows that such emergency as existed, if any, was created by his own negligence and that, notwithstanding it, the damage might have been avoided by reasonable care on his part, involves the findings

that he was in the exercise of due care both prior, and subsequent, to the negligence found by the referee to be the sole proximate cause of the damage. What constitutes due care in an emergency, as under normal conditions, is undoubtedly a question of fact. *Larrabee* v. *Sewall,* 66 Me. 376; *Shannon* v. *Boston & Albany Railroad Co.,* 78 Me. 52, 2 A. 678; *Bragdon* v. *Kellogg,* 118 Me. 42, 105 A. 433, 6 A. L. R. 669; *Coombs* v. *Mackley, supra.* The exception raises the issue whether there was any credible evidence, or evidence of probative value, before the referee to justify the finding of due care on the part of the defendant which was an essential part of the decision that an emergency was created for him, and not in any degree by him.

This brings us to a consideration of the facts. It has already been stated that three trucks were traveling northerly on the highway. Disregarding the evidence of a brother of one of the plaintiffs, who was operating a motor vehicle that was following the defendant, which confirms his testimony that the lumber truck stopped at the southerly limit of the highway, and turned to cross it, in his path, without signal, all the evidence touching the circumstances of the accident was given by the defendant and a truck driver named Haney. They were traveling together, Haney leading. They had overtaken and passed the lumber truck at a point approximately five miles southerly of the scene of the accident, had stopped at a roadside diner for breakfast, and were overtaking the lumber truck, to pass it a second time. They were traveling about fifty feet apart, in direct violation of R. S., 1944, Chap. 19, Sec. 106, unless within a business or residential district, see *infra,* although the provisions thereof were not applicable to Haney. The statute does not apply, according to its terms, to "one motor truck overtaking and passing another." It applies very definitely to the defendant. His disregard of its mandate constitutes prima facie evidence of negligence. *Rawson* v. *Stiman,* 133 Me. 250, 176 A. 870, and cases cited therein. Unless explained, it represents evidence that is not only "strong,"

but conclusive. *Larrabee* v. *Sewall, Coombs* v. *Mackley, Rawson* v. *Stiman,* all *supra.* That defendant's negligence constituted a part of the origin of what the referee found to be an emergency cannot be doubted, under the peculiar facts. The evidence indicates that when truck drivers are traveling together, as the defendant and Haney were, the operator of the leading truck uses the lights of his vehicle to signal to the driver of the one following that danger impends, or that the way is clear. Both Haney and the defendant had observed, when they passed the lumber truck the first time, that it was being driven erratically, weaving or swerving back and forth on the road. Haney, when overtaking it the second time, signalled to the defendant that there was danger, and shortly thereafter that all was clear. He then pulled into the center lane of the highway and passed it. The defendant attempted to follow. It is obvious that in doing so he was not proceeding on his own judgment that the conditions for passing were right, but entirely in reliance on the signal of Haney that such was the fact.

The foregoing indicates, we believe, that the decision of the referee that an emergency was created for the defendant, without negligence on his part, is not supported, as a finding of fact, by any evidence in the record which is credible or has probative force if, as we have assumed, he was not traveling in a business or residential district, as defined in R. S., 1944, Chap. 19, Sec. 102, IV, so that the provisions of Section 106 were applicable. The result would be the same, however, if he was. His own estimate of speed was 25 to 30 miles an hour before he started to pass the lumber truck, and he accelerated his speed at that time. Our statutory speed regulations are found in R. S., 1944, Chap. 19, Sec. 102. The fundamental requirement is stated in Par. I, that vehicles shall be driven:

> "at a careful and prudent speed not greater than
> is reasonable and proper, having due regard to the
> traffic"

and other conditions.   Par. II declares speeds "prima facie lawful" in different locales, but adds that:

> "in any case when such speed would be unsafe it shall not be lawful."

The defendant at the pertinent time was operating a heavy truck at a speed so great that when the unexpected happened, on the part of the driver of a vehicle he had seen and was intending to pass, he could neither stop it nor control its course sufficiently to avoid collision with a building situate outside the limits of the highway on the opposite side from that on which he was traveling.   That his speed was neither "careful and prudent" as Par. I of the speed section requires, but, on the contrary, was "unsafe" as Par. II forbids, was established beyond peradventure of doubt when he could neither stop nor, turning farther left, enter either a field south of the intersecting road or that road itself. Actually, as he testified himself, his truck went out of control before he ever applied his brakes, and he omitted to do so earlier because, at his speed and under the existing conditions, his judgment said that the truck would "jackknife." Without reference to Sec. 106, the evidence indicates that he contributed to the emergency which confronted him so conclusively that an opposite finding cannot be said to have the support of credible evidence.

*Exceptions  sustained.*