ELEANOR R. HUTCHINS

*vs.*

FRANKLIN J. MOSHER

LAWRENCE F. HUTCHINS

*vs.*

FRANKLIN J. MOSHER

York.   Opinion, July 17, 1951.

*Varney, Levy and Winton,* for plaintiff.

*Robinson, Richardson and Leddy,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.   These actions resulted from an automobile collision and were tried together, the first brought by Eleanor R. Hutchins to recover for personal injuries, the second by her husband, Lawrence F. Hutchins, to recover for damages to his automobile which she was driving.   The defendant, an automobile dealer residing in Oakland, Maine, was driving from Boston home easterly via Portland on November 29, 1949.   His wife was with him.   They were on the Maine-New Hampshire Interstate Bridge leaving Portsmouth and approaching Kittery; and were proceeding about

thirty-five miles an hour easterly in the right-hand lane of a three lane road.

The plaintiff was going to Portsmouth to pick up their child who was about to be dismissed from school. She was proceeding on Bridge Street which intersects the approach to the bridge in Kittery, and in accordance with rules of the road she stopped before she entered the highway. But she stopped on the left-hand side of Bridge Street at a point where her view was obstructed of cars coming east. It was obstructed for two reasons. She placed herself much closer to such cars than she would have if she had observed the rule of the road and had kept to the right of the center line of Bridge Street before she made her left turn. R. S., 1944, Chap. 19, Sec. 107. Not only did she place herself much nearer to cars approaching on her left but she placed herself in a pocket where also the bridge rail obscured from her view cars approaching from her left. Bridge Street, where she was, was at least two or three feet lower than the highway at the intersection. From her stopped position she went into low gear and drove out on the main highway directly in front of the Mosher car, so close that the defendant Mosher did not have time to get his foot on his brake before the collision. She came onto the highway bridge approach, turned sharply to her left on the main highway, and the cars collided nearly head on while she was travelling on the left side of the road.

Mosher saw her car waiting at the left side of the intersection before she entered the main highway. It was raining but his view was not obscured, and he supposed that she was waiting to give him the right of way which she was bound to do. The plaintiff, Mrs. Hutchins, made more mistakes in a short space of time than often falls to the lot of an automobile driver. The defendant, Mosher, appears to have been driving in a reasonable and prudent manner. The plaintiff, Mrs. Hutchins, was negligent and that negligence caused this accident.

She entered the main highway from Bridge Street from the left side of Bridge Street; she entered it directly in the path of an oncoming car which she did not see and to which she did not give the right of way as was her duty; and she turned to the left and drove on the wrong side of the highway at least for some distance and that was where the collision took place.

Each of these violations of the rule of the road contributed as a proximate cause to this accident. They establish the plaintiff's negligence sufficiently to bar her recovery; and there is not a shred of evidence of the defendant's negligence. The plaintiff's negligence is best shown by her remark when she went over to Mr. Mosher's window of his car and said right after the collision: "Oh, my God. Am I to blame? I didn't see you."

The defendant after the verdict filed a motion for a new trial in each case. Those motions must be granted.

*Motion sustained in each case.*