JOSEPH A. BENNETT

*vs.*

LOWELL B. LUFKIN

Penobscot. Opinion, January 17, 1952.

*Myer W. Epstein,* for plaintiff.

*Michael Pilot,*

*Gerard Collins,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. In this automobile accident case the plaintiff recovered a jury verdict of $152 for damages to his sedan sustained in a collision with a milk truck driven by the defendant. The case is before us on defendant's general motion to set aside the verdict and to grant a new trial. The only issue is whether the jury was manifestly wrong in

finding the plaintiff was free from contributory negligence. Neither negligence of defendant nor the amount of damages is questioned.

We must view the evidence in the light most favorable to the plaintiff. The defendant has the burden of convincing us that the jury verdict was manifestly wrong. *Raymond* v. *Eldred,* 127 Me. 11, 140 A. 608; *Coombs* v. *Mackley,* 127 Me. 335, 143 A. 261; *Searles* v. *Ross,* 134 Me. 77, 181 A. 820; *Bragdon* v. *Shapiro,* 146 Me. 83, 77 A. (2nd) 598; *Witham* v. *Quigg,* 146 Me. 98, 77 A. (2nd) 595. No exceptions were taken to the charge and indeed the charge is not included in the record before us. It must be assumed that the issue was stated to the jury with proper instructions. *Frye, Lounsbury* v. *Kenney,* 136 Me. 112, 3 A. (2nd) 433; *Michaud* v. *Taylor,* 139 Me. 124, 27 A. (2nd) 820; *Eaton* v. *Marcelle,* 139 Me. 256, 29 A. (2nd) 162; *Atherton* v. *Crandlemire* et al, 140 Me. 28, 33 A. (2nd) 303; *Kennebec Towage Co.* v. *State of Maine,* 142 Me. 327, 52 A. (2nd) 166.

The record consists of the testimony, in part conflicting, of the plaintiff and the defendant. Under the rule stated the jury were justified in accepting the plaintiff's version of the accident and in finding the facts here summarized.

The collision occurred at the intersection of Mt. Hope Avenue and Pearl Street in Bangor in the daytime of June 10, 1950. The plaintiff was proceeding in his sedan along the Avenue behind the defendant's truck. Just before the defendant reached the intersection the plaintiff blew his horn and started to pass the truck on the left. The defendant, without signal or warning, turned left to enter Pearl Street.

The plaintiff described what took place as follows:

"As I was approaching Pearl Street, why the car made an indication although there was no hand signal; the indication of the car was toward the right hand side of the road as if to stop off and

deliver milk. It was proceeding at a very slow rate. I blew my horn and started to pass him, and as I proceeded on just as soon as I came abreast of him he started to swerve in towards me. At that time there was nothing I could do but attempt to get by the best I could. He struck the rear fender of my car.".

The plaintiff estimated that the defendant's truck was thirty to forty feet from Pearl Street and the plaintiff's car was a like distance behind the truck when the defendant turned to the right about fifteen feet making, to use the words of the plaintiff, "a gradual swerving off as if he were to park on the right." There was no other traffic on the Avenue.

The defendant contends the plaintiff must be barred from recovery for violation of the statutory rule of the road, reading, in so far as we are interested, as follows:

"The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of ways unless permitted to do so by a traffic or police officer." *R. S., Chap. 19, Sec. 104, as amended.*

From the record it is clear that the plaintiff in terms violated the statute. The collision occurred while the plaintiff was passing the truck at the intersection.

The rule has long been established that "violation of the law of the road is prima facie evidence of negligence on the part of the person disobeying it." *Dansky* v. *Kotimaki,* 125 Me. 72, at 74, 130 A. 871, at 873, citing 13 R. C. L. 287. Recent statements of the rule are found in *Hutchins* v. *Mosher,* 146 Me. 409, 82 A. (2nd) 411, and *Bernstein* v. *Carmichael,* 146 Me. 446, 82 A. (2nd) 786.

*Field* v. *Webber,* 132 Me. 236, 169 A. 732, and *Rawson* v. *Stiman,* 133 Me. 250, 176 A. 870, were actions by the overtaking vehicle, or car behind, against the vehicle ahead turn-

ing left at an intersection. In the *Field* case the governing factor was the failure of the plaintiff to give an audible signal in passing. Whether the overtaking prohibition of the statute applied was not determined. In the *Rawson* case it was considered self-evident by the court that the plaintiff's disregard of the statute was a proximate cause of the accident, and the plaintiff was held negligent *as a matter of law.*

Did the presumption of negligence on the part of the plaintiff remain uncontrolled and unexplained? If so, the plaintiff cannot recover. Could the triers of fact reasonably have reached the conclusion, in face of the adverse presumption, that the plaintiff was in the exercise of due care? If so, the verdict stands.

The jury must have found that the plaintiff, in the exercise of due care, (1) believed that the defendant would stop the truck on the Avenue before the intersection, and (2) in reliance on this belief, attempted to overtake and pass the truck *before* the intersection. From an examination of the record we cannot say the jury manifestly erred in reaching such a conclusion.

Under the statute it is negligence—prima facie negligence—to overtake or pass at an intersection. The driver of the overtaking car cannot base his due care upon the expectation that the car ahead will not turn, for example, to the left. The negligence of the driver of the car ahead does not erase the contributing negligence of the overtaking driver. The explanation of the plaintiff's course lies in the situation existing before either car entered the intersection. The defendant, by indicating he was stopping before the intersection, thereby made it clear to the plaintiff that he would not turn left into Pearl Street. The Avenue was, from the point of view of the plaintiff, clear of traffic, and he could pass with safety.

If the defendant had given a clear signal by hand, for example, that he was about to stop on the Avenue, surely it

would not have been negligence on the part of the plaintiff to have passed the truck. The violation of the statute— prima facie negligence at best—would have been sufficiently explained. Or suppose the defendant had given a signal to the plaintiff to pass by waving his hand, the defendant could not have contended there was negligence in passing at an intersection.

The present case differs from the illustrations only in degree. It is a closer question, to be sure, whether the plaintiff was the "reasonably prudent man." The decision, however, rests upon application of the same principles.

In our view there was sufficient evidence to overcome the presumption of negligence arising from violation of the statute. The jury cannot be said to have been manifestly in error in finding the plaintiff was in the exercise of due care.

The entry will be

*Motion overruled.*