MARGARET T. HAMILTON

*vs.*

TRUMAN LITTLEFIELD

———

EDWARD T. HAMILTON

*vs.*

TRUMAN LITTLEFIELD

York.    Opinion, July 7, 1953.

*Berman, Berman & Wernick,*
*Cecil Siddall,* for plaintiff.
*William B. Mahoney,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

MURRAY, A. R. J.   These two cases are tort actions, one brought by the wife because she says, the defendant while driving his automobile ran into her as she was walking

along the road. The other by the husband for the expense to which he was put for her medical bills caused by her injuries.

Both cases were tried together, but we shall discuss them as if the wife's case only were being tried, because his case depends upon her case.

At the close of the plaintiff's case, upon motion, the court directed a nonsuit. Plaintiff excepted and the case is here on the exception. The plaintiff contends that the facts and legitimate inferences that could be drawn therefrom, are sufficient to justify a jury in returning a verdict for the plaintiff. The defendant, upon the other hand, says the plaintiff has not produced evidence sufficient to show negligence of the defendant, nor want of contributory negligence in the plaintiff.

The accident happened about 7 P.M. January 24, 1950. It was snowing and blowing, and had been all day. The plaintiff, a woman about fifty-eight years of age, with her sister, were going to the movies and were walking along the road single file, plaintiff immediately behind her sister. The snow had been pushed to each side of the road by the snowplow, not only the snow from this storm, but also previous snow storms. They were on their right-hand side of the road, that is, back to on-coming traffic.

As they were walking along near the right-hand snow bank, a car came from behind them, they saw its lights, stopped, and it went by. There was room on the road for three cars abreast. Almost an instant after this car passed, the defendant came from behind them and struck the plaintiff. She saw no lights, heard no horn, was aware of nothing out of the ordinary until struck from behind. He did not see her until too late to stop his car. There was a brake mark on the road running back from his car thirty-nine feet.

We feel that upon the question of the defendant's negligence, there was sufficient evidence for the case to have

gone to the jury. It would be well, at this time, to quote Chapter 143, Laws of Maine, 1949, which is additional to R. S., 1944, Chap. 19.

### Sec. 118-A.  Pedestrians on Ways:

"Where sidewalks are provided and their use is practicable, it shall be unlawful for any pedestrian to walk along an adjacent way.

Where sidewalks are not provided, any pedestrian walking along and upon a highway, shall, when practicable, walk only on the left side of the way or its shoulder facing traffic which may approach from the opposite direction."

In considering the question of contributory negligence, it is necessary to revert to the facts. The evidence discloses that a sidewalk had been built on each side of the road, and there was further evidence that the plaintiff did not walk upon the sidewalk. "Well, there was no sidewalk there, there was snow where the sidewalk would have been * * *." This piece of evidence is not isolated, there are other parts of the evidence, which if believed, would tend to show that the snow had fallen, or drifted onto the sidewalks and had not been plowed out. There was evidence that the snow bank on the plaintiff's left-hand side of the road was high. One piece of evidence from a witness, "* * * I opened the door on my side of the car to get out, there was a snow bank and I couldn't get out, so I went out through on the driver's side." The plaintiff gave as a reason for walking on her right instead of her left side of the road that the snow was high on her left side of the street. There was from three to four feet of snow on her left side, and on her right it was much lower. The traffic on her left side was very heavy, and on her right very light.

The defendant contends this evidence shows a violation by the plaintiff of the quoted statute which is prima facie evidence of negligence. *Tibbetts* v. *Dunton*, 133 Me. 128,

131, 174 Atl. 453; *Danksky* v. *Kotimaki,* 125 Me. 72, 74, 130 Atl. 871.

This is the first time that this court has been called upon to construe this statute, but the rule for construction is the same in all like statutes. What was the legislative intent, the object it had in view, the mischief it intended to remedy? *Cushing* v. *Inh. of Bluehill, et al.,* 148 Me. 243, 92 Atl. (2nd) 330. In order to ascertain whether statute is applicable, facts must be found. That means when there is evidence upon which the jury can act, it, not the court, should act. In this case it is a fact whether sidewalks were provided, if not sidewalks, whether it was practicable to walk only on the left side or shoulder of the road, if sidewalks were provided, whether their use was practicable. To be found, of course, on proper instructions by the court. It should have gone to the jury as to whether there was a breach of the statute by the plaintiff.

If the jury found both of the aforesaid contentions in favor of the plaintiff, there would remain the question of the due care of the plaintiff. As to this, there are a number of things that should be considered, for instance, the lights of the defendant's car, the snow upon the ground, the clothing of the plaintiff, blowing of the horn, etc. We feel that upon this branch of the case there was sufficient evidence to go to the jury. In both cases

*Exceptions sustained.*