**Delsie L. LAFERRIERE**

v.

**Robert PARADIS.**

Supreme Judicial Court of Maine.

July 20, 1972.

Albert M. Stevens, Presque Isle, for plaintiff.

Jules L. Mogul, Bangor, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WERNICK, Justice.

Plaintiff's action for personal injury and property damages sustained as the result of a collision between automobiles was tried, jury-waived, in the Superior Court (Aroostook County). From a judgment entered for the defendant plaintiff has appealed.

The following facts were found by the trial Court.

On July 4, 1965 both plaintiff and defendant were operating motor vehicles proceeding in a northerly direction on Route 162 in an area between St. Agatha and Frenchville (as stipulated in the pre-trial memoranda of both parties).

Plaintiff was following defendant and decided to pass him. Before commencing his pass, plaintiff had noticed no deviation in defendant's course of travel and had observed no indications by defendant of an intention to make a left turn. Plaintiff put on his directional signal and blew his horn.

While plaintiff was still in the process of passing and moving at a "reasonable" speed, the vehicles approached the junction of a rural road with Route 162. The road entered Route 162, laterally, and from the left of the parties. It entered Route 162 but did not cross it (to emerge beyond it).[1]

A solid white line was painted on Route 162 opposite the entire intersection; visibility, however, was adequate "for normal passing" and "there was no other traffic in sight." As defendant reached the intersection, and without looking into his rear view mirror or activating his directional signal, he turned to his left to enter the intersecting rural road. The two automobiles collided.

The decision for the defendant rests entirely on the conclusion of the trial Court that plaintiff had been contributorily negligent.[2]

Plaintiff's appeal focuses upon one aspect of the reasoning specially stated by the trial Court. After he had first found that the evidence established an *unexplained* violation by plaintiff of a statutory rule of the road—i. e., passing when approaching within one hundred feet of traversing any intersection (29 M.R.S.A. § 1152(2))—the trial Court concluded that such unexplained ". . . violation of the statute . . . is *causal* negligence *as a matter of law* . . .." (emphasis supplied)

Plaintiff has no quarrel with the conclusion that the unexplained violation by plaintiff of the statutory rule of the road constitutes proof of plaintiff's *negligence* as a matter of law—as shown by the authority of cases such as Rawson v. Stiman, 133 Me. 250, 176 A. 870 (1935) and cases therein cited, and Nadeau v. Perkins, 135 Me. 215, 193 A. 877 (1937) citing earlier supporting authorities.[3]

Plaintiff's complaint is directed at an interpretation (for which he contends) that the trial Court had made an additional leap, asserted by plaintiff to be incorrect, to hold that the violation of the statutory rule of the road, unexplained, suffices, ipso facto (without further consideration of the issue in light of the totality of the evidence) to settle *as a matter of law* not only plaintiff's negligence but also the *proxi-*

---

1. It was held in Rawson v. Stiman, 133 Me. 250, 176 A. 870 (1935) that the junction of ways here involved constitutes an "intersection" within the meaning of 29 M.R.S.A. § 1152(2).

2. The collision was prior to the effective date of our comparative negligence statute, 14 M.R.S.A. § 156; hence, the parties and the Court recognized that recovery by plaintiff is to be denied if he was guilty of any contributory negligence.

3. The underlying rationale by which a statutory rule of the road is held, when violated without mitigating explanation, to establish *negligent* conduct *as a matter of law* is that the Court recognizes and adopts a legislative declaration *of law*. By prescribing a statutory rule of the road the legislature is deemed to assert as *law*: (1) the conduct delineated is that which, *generally*, constitutes the exercise of reasonable care in the circumstances legislatively described and, therefore, (2) deviation from such conduct is, *generally*, a deviation from reasonable care—i. e., negligence. See Nadeau v. Perkins, supra, and the comments on it in Prosser, Torts, 3rd Ed. at p. 202; see also Restatement of Torts, 2d § 285(a)(b).

Hence, this *general law* controls in any *particular* situation and mandates the *conclusion of law* that negligent conduct exists—*unless* the evidence shows additional special circumstances, plausibly deemed to lie outside the contemplation of the legislature's *generalized* view, which show the conduct to be consistent with the care a reasonable person would exercise in the totality of the particular circumstances.

*mate causation* between plaintiff's negligence and his damages.

Initially, we may observe that plaintiff's interpretation of the approach taken by the trial Court might not be strictly accurate. There is ambiguity in the trial Court's wording of the conclusion of law at issue.

A plausible view of the language might be that plaintiff's violation of the statutory rule of the road, unexplained, establishes the plaintiff's *negligence* as a matter of law; and negligence being thus proved, *the factual* situation developed *on all of the evidence* proves proximate causation so overwhelmingly that it exists as the only conclusion open to a rational fact-finder and, hence, as a matter of law.

Arguably supportive of this possible interpretation of the trial Court's reasoning is his explicit reference to Bennett v. Lufkin, 147 Me. 216, 85 A.2d 922 (1952) and his further statement that in that case the ". . . inference of *negligence* resulting from a violation of the statute" (emphasis supplied) was rebutted by the evidence adduced. By such additional language the trial Court could be said to have recognized that *only* the issue of *negligence* is ipso facto settled as a matter of law by an unexplained violation of a statutory rule of the road.

Further indication of such attitude might be gleaned from the trial Court's citation of the case of Rawson v. Stiman, supra, in conjunction with Bennett v. Lufkin, supra. In Bennett v. Lufkin, supra, Rawson v. Stiman was held to have decided that (1) the unexplained violation of the statutory rule of the road suffices *in itself* to establish *only* the *negligence* issue as a matter of law and not the proximate causation question; but (2) further, *on the totality of evidence* produced in Rawson v. Stiman it was "self-evident"—i. e., proved beyond rational disagreement in that particular case and thus as a matter of law—that plaintiff's negligence had been a proximate cause of his injuries.

If, indeed, it was the view of the trial Court in the present situation that he had evaluated the entirety of the evidence and was satisfied that it permitted as the *only rational conclusion* (and, therefore, *as a matter of law*) that plaintiff's own conduct was a proximate cause of his damages, it might be that the trial Court had gone further than was necessary; with the jury waived, he was functioning as fact-finder as well as the Court and could properly have contented himself with finding proximate cause *only as a matter of fact* rather than holding what was *required as a matter of law*.

If such were the approach of the trial Court, notwithstanding that he thus undertook to decide more than was requisite to dispose of the case, his ultimate conclusion was, nevertheless, correct.

■ While it is true that a violation of an applicable statutorily prescribed rule of the road, when the violation remains unexplained, cannot be validly held sufficient, in and of itself and automatically, to settle, *in all cases*, the proximate cause issue *as a matter of law* (regardless that it can thus settle the negligence issue), it must nevertheless be further recognized that, as is true upon any issue originating as a question of fact in any civil case, the issue of proximate causation is subject to the rule which delineates the proper province of the fact-finder and the Court. Hence, as upon any question which commences as a question of fact, when the totality of the evidence adduced *in any particular case* is so overwhelming that it leaves open to a fact-finder, acting rationally, only one conclusion on the issue, the issue is then determined as a matter of law.

■ As was said in Elliott v. Montgomery, 135 Me. 372, 197 A. 322 (1938):

"It is true that the 'issue of proximate cause is . . . one of fact, . . . *unless the court can say with judicial certainty* that the injury is . . . the natural and probable consequence of the act of which complaint is made.' Nicho-

las v. Folsom, 119 Me., 176, 110 A., 68, 69, and cases there cited." (p. 374, 197 A. at p. 323) (emphasis supplied)

A review of all the evidence in the instant situation confirms that it does establish, *as a matter of law*,—as the only conclusion open to a rational fact-finder—that the plaintiff's conduct in the present situation, in allowing himself to be in the path of defendant when defendant proceeded to make a left turn, *must* have been *a proximate cause* (the law not requiring that it be the *sole* proximate cause) of plaintiff's damages.

It thus becomes clear that even if the conclusion of the trial Court is to be given an interpretation different from that suggested by us as one possibility, and the position contended for by plaintiff be accepted, plaintiff cannot prevail in this appeal.

If the trial Court be deemed to have declined to undertake a review of all of the evidence in relation to proximate cause and to have applied a legal principle that an unexplained violation of a statutory rule of the road ipso facto settles, *as a matter of law*, not only the negligence question but also the proximate cause issue, the theoretical error of such reasoning was immaterial.

Since we hold that the trial Court was, in any event, *legally obliged*, on all of the evidence, to find the existence of proximate cause—(because all of the evidence had established it as a matter of law beyond possibility of disagreement by rational minds)—the trial Court's conclusion of law, notwithstanding that it might have been reached by an incorrect process of legal reasoning, was a correct ultimate conclusion which must be sustained. A. E. Borden Co., Inc. v. Wurm, Me., 222 A.2d 150 (1966); Hubert v. National Casualty Company, 154 Me. 94, 144 A.2d 119 (1958).

The entry is:

Appeal denied.

All Justices concurring.

ARCHIBALD, J., did not sit.