Kenneth L. SMALL

v.

Ida M. COLBETH.

Supreme Judicial Court of Maine.

Argued May 13, 1982.

Decided July 7, 1982.

Silsby & Silsby, Raymond L. Williams (orally), Ellsworth, for plaintiff.

Francis J. Hallissey (orally), Machias, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

MEMORANDUM OF DECISION

This action arises out of a dispute between appellant Kenneth Small and appellee Ida Colbeth over the location of the boundary line between their properties in the Bucks Harbor district of Machiasport. Small and Colbeth each commenced an action against the other in Superior Court, Washington County, seeking damages for conversion and trespass and asking the court to quiet title to the disputed property. The two actions were consolidated for trial, and, after a jury-waived trial, judgment was entered in favor of Ida Colbeth in both actions. The presiding justice found that the boundary line between the Small and Colbeth lots was located along a fence line claimed by Ida Colbeth to be the accepted boundary line and that Colbeth had obtained title to the property up to the fence line by adverse possession.

On appeal, appellant Small contends (1) that the presiding justice committed clear error in making certain findings of fact, and (2) that she incorrectly applied the principle of acquiescence [1] in concluding that Ida Colbeth had obtained title to th disputed property by adverse possessio Neither contention has merit. First, under M.R.Civ.P. 52(a), findings of fact made by a trial justice must stand if supported by competent evidence in the record; they are not clearly erroneous merely because alternative findings would also have support in the evidence. *Harmon v. Emerson*, Me., 425 A.2d 978, 982 (1981). In the instant case, the record contains ample evidentiary support for the trial justice's findings of fact.

Second, if the legal conclusion of the court is correct on the record, it will be upheld on appeal even if it may have been reached by an erroneous process of legal reasoning. *Allstate Ins. Co. v. Lyons*, Me., 400 A.2d 349, 352 (1979); *Laferriere v. Par-*

---

1. For an explanation and discussion of the requisites of acquiescence see *Calthorpe v. Abrahamson*, Me., 441 A.2d 284 (1982) (decided several months after the Superior Court's decision in the present case).

*adis*, Me., 293 A.2d 526, 529 (1972). Here, the result in the trial court was plainly correct: that if Small or his predecessors ever had title to the disputed property, it had long since been lost as a result of adverse possession by Colbeth and her predecessors. It was not necessary to invoke the doctrine of acquiescence, as the trial court did, to reach that conclusion. The technical elements and strict standard of proof required for application of the doctrine render acquiescence a doubtful basis on which to reach the result below. However, the judgment of the Superior Court is clearly correct on the basis of adverse possession, and we affirm it accordingly.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.