FERGUS LANE *vs.* ATLANTIC WORKS.

In a city where there was an ordinance prohibiting the standing of trucks in any street more than five minutes at a time without a proper person to take care of them, or more than twenty minutes at a time in any case, an ironfounder, between three and four o'clock in the afternoon, put in the street in front of his foundry, where he knew that children were accustomed to play, a truck, with a hot iron casting, weighing nine hundred pounds, upon it, with the intention of leaving it there over night. Three hours later, two children, one of them seven years and three months old, and the other eight years old, were passing along the street on their way home, when a third boy, twelve years old, not in their company, called to them to come over and see him move the truck. They stopped to see him; and within half a minute afterwards, upon his moving the tongue of the truck slightly, the casting rolled off and fell on the younger boy and injured him. The casting was not trigged upon the truck, and was of such a shape as to roll off easily. The wheels of the truck were not trigged; and when it was put in the street its tongue was so placed that a slight movement of it was sufficient to displace the casting. When the two boys stopped, they stood at first between the truck and the foundry, which adjoined the street; and it was by the direction of his companion that the one who was injured left that position and went into the carriageway on the other side of the truck, where the casting fell on him. *Held*, in an action against the ironfounder by this boy for his injury, that the questions of the plaintiff's care and the defendant's negligence were for the jury; as also the question whether the plaintiff participated in the wrongful conduct of the boy who moved the truck; and that, if the defendant was negligent in leaving the truck in the street, or leaving it insecure, and the

occurrence by which the injury was received was one which might have reasonably been apprehended as the result of such negligence, and in fact the result thereof, and the plaintiff used due care, the wrongful conduct of the boy who moved the truck would not relieve the defendant from liability, although it contributed to the result.

TORT. The declaration was as follows : " And the plaintiff says that the defendants carelessly left a truck, loaded with iron, in Marion Street, a public highway in Boston, for the space of twenty minutes and more ; and the iron on said truck was so carelessly and negligently placed that it would easily fall off ; and the plaintiff was walking in said highway, and was lawfully in said highway, and lawfully using said highway, and in the exercise of due care ; and said iron upon said truck was thrown and fell therefrom upon the plaintiff in consequence of the defendants' carelessness, and the plaintiff was severely bruised and crippled," &c. The answer was a general denial of the plaintiff's allegations.

Trial in the superior court, before *Reed*, J., who made the following report thereof :

" There was evidence tending to show that the defendants were a corporation manufacturing heavy iron machinery at works located on Chelsea, Marion and Bremen Streets in East Boston, coming out even with the line of each street ; that Marion Street, where the injury occurred, was a public highway fifty feet wide ; that between three and four o'clock in the afternoon of May 31, 1869, the defendants placed in this street, from five to ten feet from their works, a four-wheeled iron truck with a long handle or tongue, containing upon it a piece of iron weighing about 900 pounds, the small end of which was then so hot that it would take an hour and a half to cool, and which had been placed on the truck by the aid of a crane, with the intention of letting the truck and iron remain there over night.

" An ordinance of the city of Boston, which was introduced in evidence, prohibited trucks or vehicles of any kind, whether loaded or unloaded, and whether with or without horses, from stopping in any street more than five minutes without some proper person to take care of the same, or more than twenty minutes in any case.

" There was evidence tending to show that the street was nearly level, where the accident happened, and unpaved; that there were no gutters or sidewalks (except a plank sidewalk for a short distance on the side opposite the defendants' works) on either side; and that there was not very much travel over it; that the ground where the truck was placed was hard and firm; that the iron was some ten feet in length, one end being much heavier than the other, nearly round; and that it projected beyond each end of the truck, the heavy end being placed on the forward part of the truck; that the truck was four or five feet long, and so constructed that the fore-wheels could be turned around under its body and the tongue brought at right angles with the body, and that, even when the iron was upon it, very little strength was required to turn the tongue around into this position; that when the truck was in this position it would easily tip, so as to allow the iron to roll off, especially if the heavy end projected two feet over the front part of the body of the truck, or if by any means the iron was not in the centre of the truck; that there were no blocks, chocks or trigs under any of the wheels of the truck; that the iron upon the truck was not blocked or trigged on either side; and that the tongue of the truck was turned about one fourth of the way around towards the centre of the street.

" There was evidence tending to show that children were accustomed to play in that part of Marion Street immediately adjacent to the defendants' works, and that the defendants were aware of this; but no evidence that the plaintiff had ever played there before.

" There was also evidence tending to show that the plaintiff, who was a boy seven years and three months old, and James Conners, a boy eight years old, just before the accident, which occurred about seven o'clock in the evening, were down by the water's edge, where Thomas J. Lane, the plaintiff's brother, a boy about sixteen years of age, was painting a boat; that Thomas J. Lane told the plaintiff to go home; that the plaintiff with Conners proceeded homewards by the most direct route, which was across Bremen and through Marion Streets, and by the

defendants' works and said truck; that it would not take over a minute to walk from where Thomas J. Lane was painting the boat to the truck; and that, in about a minute from the time he directed his brother to go home, Thomas J. Lane heard an out-.ry, and running up to the defendants' works found the truck tipped over, the iron lying on the ground by the side of it, and his brother bleeding and in the arms of a man, who was carrying him home.

"There was also evidence tending to show that, as the plaintiff and Conners were proceeding homewards, and when nearly across Bremen Street, and just about to enter on Marion Street, Horace Lane, a boy twelve years of age, not related to the plaintiff, who was coming down Marion Street, said to them, ' Come over here and see me move this truck;' that the plaintiff and Conners went to the side of the truck next to the defendants' works, when Conners said to the plaintiff, ' You go round on the other side;' that the plaintiff went around on the other side, out into the street, near the truck, Conners remaining upon the inside next to the defendants' works, and Horace Lane turned the tongue of the truck around just a little towards the centre of the street, where-upon the forward end of the truck tipped, and the iron rolled off, falling upon the plaintiff's thigh; that neither the plaintiff nor Conners touched the iron or truck at all; that they were not at the truck more than half a minute before the injury occurred; that Horace Lane was not with the plaintiff and Conners at the boat; that he reached the truck before the plaintiff or Conners, coming to it from an opposite direction; and that he did not hear Conners tell the plaintiff to go around on the other side.

"The evidence tended to show that the injury sustained by the plaintiff was of a very severe character, crippling him for life.

"After the evidence of the plaintiff and defendants was in, the counsel on each side presented me with written requests for in-structions to the jury; but I ruled that the plaintiff could not maintain his action, and ordered the jury to return a verdict for the defendants; and I report the case for the consideration of the supreme judicial court."

*H. D. Hyde & W. G. Colburn*, for the plaintiff.

*A. A. Ranney & N. Morse*, for the defendants.

WELLS, J. 1. Whether the defendant was in fault in leaving the truck in the street, or in leaving it insecure, and whether the occurrence, by which the plaintiff received his injury, was one which might reasonably have been apprehended as the result of such negligent conduct, and was in fact a result thereof, were questions for the jury; the burden of proof being on the plaintiff.

2. If these points should be found in favor of the plaintiff, the fault of the older boy, Horace Lane, in moving the tongue of the truck, would not prevent recovery from the defendant, although it contributed to the result. It would be otherwise, of course, if the misconduct of Horace Lane should be found to be the sole, direct or culpable cause of the injury.

3. Whether the plaintiff participated in the wrongful conduct of Horace Lane was also clearly a question for the jury.

4. The remaining question, and that, as we suppose, upon which the verdict was ordered for the defendant, is, whether the plaintiff was shown to be in the exercise of due care on his part, in going to the place and standing so near the truck while Horace Lane was attempting to move it. Upon this point, we are of opinion that the evidence reported does not conclusively show negligence or fault on his part; and that the question whether he was in the exercise of proper and reasonable care should have been submitted to the jury upon all the circumstances of the case. *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137.

*Verdict set aside.*