PETER NICHOLAS *vs.* JOHN J. FOLSOM.

Piscataquis.    Opinion May 10, 1920.

*Action at common law.   Negligence.   Admissions.   Proximate cause.*

This is an action at common law to recover damages for injuries sustained by the plaintiff while in the employ of defendant; the declaration contains the usual averment of due care on part of plaintiff at the time of the injury.

In *Nadeau* v. *Caribou Water, Light & Power Co.*, 118 Maine, 325, announced since the trial of this case at nisi prius, it was held that in an action of this kind, it was incumbent upon the plaintiff to prove, as he had alleged, that he was in the exercise of due care at the time of the injury.

The admission during the trial of the present case, that the defendant was at the time of the injury operating more than five workmen, and that he was not an assenting employer, did not relieve the plaintiff from the necessity of proving his own due care; the admission as to the number of workmen was immaterial, there being no allegation as to that fact; and, in the absence of an appropriate allegation by way of brief statement, it is assumed that the defendant is a non-assenting employer.

The presiding Justice, upon this admission, ruled that the negligence of the servant is not a defense; exceptions were not taken to this ruling; counsel for defendant disclaimed negligence as a defense; the issue of plaintiff's contributory negligence was not, therefore, raised at the trial.

The case was submitted to the jury upon the issues of defendant's negligence, and whether that negligence, if shown, was the proximate cause of the injury. Upon a careful consideration of the evidence the court cannot say that the jury were manifestly wrong in their conclusion.

The issue of proximate cause is one of fact, not of law, and was submitted to the jury, we must assume, under proper instructions. The jury found that the broken condition of the saw was the proximate cause of plaintiff's injury; it cannot be said that the finding is so manifestly wrong as to warrant the court in disturbing it.

On motion. This is an action at common law to recover damages for personal injuries sustained by plaintiff while in the employ of defendant in his saw mill operating a saw known as a bolter. Plea, the general issue. It was admitted that the defendant at the time of the injury was not an assenting employer within the purview of chapter 50, of the Revised Statutes, known as the Workman's Compensation Act, and that at the time of the injury he was employing

more than five workmen or operatives regularly.    Verdict for plaintiff for $250.00.    Defendant filed a general motion for a new trial. Motion overruled.

Case stated in the opinion.

*Robert E. Hall, and Percy L. Aiken,* for plaintiff.

*C. W. & H. M. Hayes,* for defendant.

SITTING:  SPEAR, HANSON, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.    This is an action to recover damages for personal injuries received by plaintiff while in the employ of defendant, and is presented upon a motion by defendant for a new trial, in the usual form.    The declaration, in a single count, states a cause of action at common law, and contains all allegations necessary to sustain such action, including an averment of due care on the part of the plaintiff; the defendant pleaded the general issue without a brief statement.

In *Nadeau* v. *Caribou Water, Light & Power Co.,* 118 Maine, 325, announced since this case was tried at nisi prius, it was held, page 331, (a) that in any case, regardless of the number of workmen employed, the employee injured by the negligence of a non-assenting employer may bring and maintain his common law action alleging due care on his part; he need not allege the employer to be non-assenting; an assenting employer who desires to avail himself of his exemption from liability at common law must plead and prove that he is entitled to such exemption; or (b) in cases where the suit is against a large employer, the injured employee may omit the allegation of due care on his part, but in such case the plaintiff should allege and prove that he is an employee of the defendant in a specified occupation, and that the defendant employs more than five workmen or operatives regularly in the same business in which the plaintiff is employed; (c) that the plaintiff must allege and prove either that he was himself in the exercise of due care, or that the defendant belongs to a class of employers in actions against whom the plaintiff's care is not material, i. e. regular employers of more than five workmen or operatives; that it is not inconsistent to join both allegations in separate counts in one declaration.

Upon the authority of this recent case, it was incumbent upon the plaintiff to prove, as he had alleged, that he was in the exercise of due care at the time of the injury.    In the course of the trial it was admitted that the defendant was at the time of the injury "operating

more than five workmen, and that he was not an assenting employer."
Obviously this admission did not relieve the plaintiff from the neces-
sity of proving his own due care; the admission as to the number of
workmen was immaterial, there being no allegation as to that fact;
and, in the absence of an appropriate allegation by way of brief state-
ment, it is assumed that the defendant is a non-assenting employer.

But when the above admission was made, the presiding Justice
remarked: "I shall instruct the jury that in such an action as this,
and under the admission made just now, the negligence of the servant
is not a defense." No exception was taken to this ruling, the counsel
for defendant remarking, "We are not undertaking to claim and we
are not arguing negligence as a defense." The issue of plaintiff's
contributory negligence was not, therefore, raised at the trial.

The issues submitted to the jury were the alleged negligence of
defendant and whether that negligence, if shown, was the proximate
cause of plaintiff's injury. We must assume that adequate and
correct instructions were given to the jury; that the law of causal
connection was fully explained to them; and we must consider the
evidence entirely apart from any question of plaintiff's negligence.
Upon a careful consideration of the evidence we cannot say that the
jury were manifestly wrong in their conclusion. Whether the
machine on which the plaintiff worked was inadequate, whether the
saw in use was or was not reasonably suitable for use, whether the
teeth were broken, were questions sharply controverted before the
jury. They were questions peculiarly for the jury; witnesses for
both sides testified positively; and there being evidence, which, if
believed, would sustain the plaintiff's contention of defendant's
negligence, we ought not to interpose our own judgment. The issue
of proximate cause is also one of fact, not of law, and it is to be sub-
mitted to the jury under proper instructions, unless the court can say
with judicial certainty that the injury is or is not the natural and
probable consequence of the act of which complaint is made. *Bowden*
v. *Derby,* 99 Maine, 208, 213; *Lake* v. *Milliken,* 62 Maine, 240; *Lane*
v. *Atlantic Works,* 107 Mass., 104. Note to *Gilson* v. *Delaware etc.
Canal Co.,* 65 Vt., 213, in 36 Am. St. Rep. 807, 851; 1 Sedgwick on
Dam. 6 Ed., Secs. 55, 56. The jury has found that the broken con-
dition of the saw was the proximate cause of plaintiff's injury; it
cannot be said that the finding is so manifestly wrong as to warrant
us in disturbing it.

*Motion overruled.*