PORTER S. ELLIOTT *vs.* LOUIS MONTGOMERY.

Penobscot.        Opinion, February 25, 1938.

*Stern & Stern,* for plaintiff.
*David W. Fuller,*
*George F. Eaton,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

MANSER, J.   On exceptions to the granting of a non-suit. The
action is for personal injuries sustained by the plaintiff while rid-
ing as a gratuitous passenger on a truck. While negligence of the
operator of the truck is not imputable to the plaintiff, it is incum-
bent upon the plaintiff, in order to make out a case entitling him to
go to the jury, to show prima facie that he was himself in the exer-
cise of due care; that no want of such care proximately contributed
to the accident; and that the defendant was guilty of negligence
which was a proximate cause of the accident.

The plaintiff is a police officer in Bangor. On November 19, 1936
he was on traffic duty for the protection of children leaving their
school building at eleven A.M. His next assignment was at another
school a quarter of a mile away, where the session ended somewhat
later. He solicited a ride on a Chevrolet bakery truck. There being
pastry goods in the front seat beside the driver, the plaintiff stood
on the right-hand running board. Driving along Center Street, a
straight cement highway about thirty feet wide with an unobstruc-
ted view, the operator and the plaintiff both saw an oil truck
parked with its left side to the curb, and facing toward them. As
the operator approached the standing truck, he suddenly turned
his vehicle to the left and as suddenly swung back to the right so
that his machine came into collision with the defendant's truck.
The plaintiff was thrown, or jumped, from the running board and
sustained the injuries complained of.

The Court is of opinion that the testimony with relation to due
care or contributory negligence on the part of the plaintiff, con-
sidered in the most favorable view of the facts and of all reasonable
inferences therefrom, was sufficient to warrant submission to the
jury upon those issues.

The other essential element to recovery which must be shown, is negligence on the part of the defendant as a proximate cause.

Upon this proposition plaintiff relies on proof that the oil truck was parked on the left-hand side of the street in violation of a municipal ordinance of the following tenor: "No vehicle shall stop with its left side to the curb." The plaintiff does not claim that there is any prohibition against parking by the side of the curb provided the vehicle is stationed with its right side to the curb.

Admission of proof of violation of a statute or ordinance raises a presumption and is prima facie evidence of negligence. *Nadeau* v. *Perkins*, 135 Me., 215, 193 A., 877. It is necessary to go farther, however, and show that the negligence thus presumed to exist, was in fact a proximate cause of the accident.

It is true that the "issue of proximate cause is also one of fact, not of law, and is to be submitted to the jury under proper instructions unless the court can say with judicial certainty that the injury is or is not the natural and probable consequence of the act of which complaint is made." *Nicholas* v. *Folsom*, 119 Me., 176, 110 A., 68, 69, and cases there cited.

There must be some evidence of causal connection between the parking of the truck, as prohibited by the ordinance, and the happening of the accident. *Kimball* v. *Davis*, 117 Me., 187, 103 A., 154; *Lane* v. *Atlantic Works*, 111 Mass., 136.

We have here a truck parked in the day-time, in full view of travellers, at the side of a street thirty feet wide and leaving at least twenty-three feet for travel.

It occupied the same space as it would have if headed in the opposite direction. Does this, in and of itself, constitute a peril to travellers? The circumstances always must be considered.

In *Nadeau* v. *Perkins*, supra, a truck had been left standing unattended without lights at night on a through way in the right-of-way of approaching vehicles and in violation of the statute. Thus standing, though inert, it might well be the proximate cause of an accident.

In *Cobb* v. *Power & Light Co.*, 117 Me., 455, 104 A., 844, 847, the plaintiff's car was improperly registered, and it was contended that lack of proper registration was a bar to recovery.

The Court said:

"Such violation (of the registration statute) may, in certain cases be evidence of negligence but it is not conclusive. The application of this governing rule to the case at bar is obvious. The non-registration had no causal connection with the accident whatever. It no more contributed to the collision in this case than did the color of the car."

The annotator in 70 A. L. R., 1021, sums up the situation in these words:

"Of course, the standing of an automobile on the wrong side of the street or highway is a factor which must be considered in its relation to other matters, such as whether it is daylight or dark, whether the street or highway is a frequented one or otherwise, whether there are lights on the car, and whether the parking or stopping was unavoidable. And the questions of negligence, contributory negligence, and proximate cause must, of course, ordinarily be determined from all of the circumstances, and not from the mere fact of standing on the wrong side of the street or highway."

But the plaintiff here goes further and says there is a factor or element in this case, arising in consequence of the improper parking, and which supplies the causal connection. He says that, by reason of being parked at the curb on the left side, the vertical windshield at the front of the defendant's truck reflected the rays of the sun into the eyes of the operator of the approaching truck so that he was momentarily blinded and that this would not have happened if the truck had been parked facing in the opposite direction. The defense challenges any such claim as inherently incredible and physically impossible; that it is contradicted by the operation of natural laws under the established facts, having reference to the course of the street, the time of day, the altitude of the sun, the vertical windshield, the angle of reflection and other incidental elements.

Whether it could have happened or not is, in the view of the Court, unnecessary of decision.

We will assume that it did happen. Should an operator, parking his truck in the day-time, be bound to anticipate that a ray of

light reflected from his windshield would cause an approaching motorist to lose control of his car and run into his standing vehicle?

In *Falk* v. *Finkelman*, 268 Mass., 524, 168 N. E., 89, 90, the Court said:

"One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable."

Under the circumstances of that case, it was held that:

"The defendant violated no legal duty owed the plaintiff. The unlawful occupation of the street by the defendant's car was simply a condition and not a contributing cause of the accident."

So in the instant case, the untoward event was extremely unlikely from the cause assigned or asserted by the plaintiff. No such result could reasonably have been anticipated from the violation of the ordinance.

The non-suit was properly ordered.

*Exceptions overruled.*