JOHN E. LESSARD

*vs.*

SAMUEL SHERMAN CORPORATION

Kennebec.   Opinion, August 28, 1950.

*Joly & Marden*, for plaintiff.

*Wilfred Hay,*
*Charles Pomeroy,*
*Edmund S. Muskie*, for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.   This action of assumpsit was tried before a jury in the Superior Court in the County of Kennebec.   The jury found for the plaintiff for $4,624.66 which was within about $250 of the balance claimed to be due on an account for work and labor performed, materials furnished, and equipment used by the plaintiff for the defendant at its request.   The case is before us on the defendant's general motion for a new trial.

The case has been argued with great care and forcefulness by both sides and we have before us a record of more than two hundred fifty pages and numerous exhibits.   Because of these facts we have read the entire record with

great care and have given full consideration to the briefs filed by respective counsel.

It hardly seems necessary to reiterate the rule, so well known and so consistently applied in this state, that the jury is the arbiter of the facts and that this is a court of law which will not interfere with a jury's verdict unless it is clearly and manifestly wrong. *Inh. of Enfield* v. *Buswell, et al.,* 62 Me. 128; *Weeks* v. *Inh. of Parsonsfield,* 65 Me. 286; *Harvey* v. *Donnell,* 107 Me. 541; *Hill* v. *Finnemore,* 132 Me. 459, 464. Then only does the issue on a general motion become one of law, of which we take cognizance. Not only is this verdict not clearly against the evidence, but there is ample evidence to sustain it.

The plaintiff was engaged in the business of grading and clearing land and employed the necessary men and motor equipment for such work. The defendant corporation owned land near Rome on the westerly side of Long Pond which it proposed to use for a boys' camp. Samuel Sherman was an officer of the defendant and in the dealings which he had with the plaintiff was authorized to act for his company. Negotiations were opened by Mr. Sherman with the plaintiff relative to rough grading about two acres of land for use as a ball field and play ground. The timber had been cut from this field the preceding year and it was left with the stumps of the trees and boulders still there in their natural condition. Mr. Lessard looked over the field with Mr. Turner who was acting for Mr. Sherman in finding someone to do this work. There was a subsequent conference between Turner, Lessard and Sherman. Mr. Lessard thought that the work could be done for from $3,500 to $5,000, but there was a distinct refusal by him to do it for any stated sum. It was left that the work was to be done on a "day work basis"; and the start was made either May 31 or June 1, 1949. The time of the men employed and of the equipment used was kept in part by Mr. Lessard and in part by Mr. Pelotte, one of his employes. Also a Mr. Mosby,

employed by the defendant, assisted and checked the time as figured by the others. Mr. Sherman was there off and on as the work progressed. It is significant that in the attack made on the verdict no complaint is made of any specific item in the account annexed, either as to time or rate charged for men or equipment. The account annexed covers work done by numerous men using trucks, bulldozers, power shovels and other equipment for a period extending a few days over a month. It totals $7,874.51 and there is a credit for payments made of $3,000. On this motion the burden is on the defendant to show wherein the verdict is wrong. There is a complete failure to sustain that burden.

The plaintiff clearly was not a man of very much education and his time records leave much to be desired. We have examined the originals and they are adequate even though rough. There is no evidence of any padding; and to us they seem, when taken in conjunction with the plaintiff's testimony, to show his sincerity.

The defendant's attack on the verdict seems to be based on the discrepancy between the plaintiff's original rough estimate and the size of the verdict. There are a number of explanations of that. The original estimate was for rough grading a ball field. In the first place that work turned out to be more rather than less difficult than was anticipated. In the second place there were numerous extras. Not only was the ball field rough graded, but it was covered with loam. Some work was done on the beach, tennis courts, septic tank holes were dug, and a road was rebuilt.

The defendant's most bitter complaint is that about the middle of June Mr. Sherman asked how much more work there was to be done and the plaintiff said about two days, and that it continued for about two weeks thereafter, and that up to that time the plaintiff's charges were only about $3,000. In the record it does not appear that Mr. Lessard intended to give to anyone the figure of the total cost to that time. In the second place, Mr. Sherman was there

during the subsequent two weeks and knew perfectly well the work which was being done and specifically directed Mr. Lessard to keep on with it. In any event, no claim is made that the work was not done or that the rates for labor or equipment are unreasonable. On the contrary, the plaintiff has produced credible evidence that they are reasonable.

The truth of the matter is that Mr. Sherman knew perfectly well what work was being done and permitted it to go on without protest with an apparent determination to make his attack on the charges after Mr. Lessard should have finished. It was a procedure in which he had nothing to lose. The charges may have been more than he expected to pay, perhaps it would be more accurate to say more than he wanted to pay. But whichever it is, his contention is beside the point. The question is whether the work was done as alleged, and whether the charges were reasonable. The plaintiff has produced substantial evidence to sustain those issues, and the defendant has failed to make any valid attack on the finding of the jury.

*Motion overruled.*