WILLIAM STEARNS
*vs.*
WILLIAM W. SMITH

Knox.    Opinion, August 4, 1953.

*Domenic P. Cuccinello,* for plaintiff.

*Harry E. Wilbur,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

WILLIAMSON, J.   This automobile accident case is before us on exceptions to the direction of a verdict for the defendant.  In our view the case presents issues for the jury.

In brief, the record shows substantially the following situation:

The plaintiff, a pedestrian, was struck by a car driven by the defendant, on Route No. 1 in Rockland, a street or highway twenty feet in width and running generally east and west, with a sidewalk only on the north side.  The plaintiff's home adjoins the street on the south.  The accident took place after dark on a summer evening.  There was no obstruction to the view of either the plaintiff or defendant, and no other traffic in the vicinity.

The plaintiff says that on observing the lights of defendant's car approaching at some distance from the east, he crossed from the sidewalk to the south side of the street, and after walking about fifteen feet "against traffic" westerly in the direction of his home and about two feet from the curb, was struck by the defendant's car.  The defendant

and his wife, on the contrary, say that the car was at all times proceeding westerly in the westbound traffic lane, or north half of the street, at a low rate of speed and that the plaintiff suddenly "dashed out" from the sidewalk in front of the car.

The point of impact is placed by the plaintiff in the eastbound traffic lane, or south half of the street, within sixty feet of his home, and by the defendant and his wife in the westbound traffic lane almost directly across the street from the plaintiff's home.

We find nothing inherently improbable in the evidence for the plaintiff or for the defendant. Where the truth lies was for the jury to determine, unless the statute mentioned below compels a decision otherwise.

The defendant argues that the verdict was directed on the ground that the plaintiff was walking on the highway "where sidewalks are provided and their use is practicable" in violation of R. S., Chap. 19, Sec. 118-A.

In the recently decided case of *Hamilton* v. *Littlefield*, 149 Me. 48, this statute was for the first time before the court. We there pointed out that it presents questions of fact. Here there are two such questions.

(1)   Was the use of the sidewalk by the plaintiff "practicable"? The jury must consider the time, the place, and the surrounding circumstances in reaching their conclusion.

(2)   Assuming a violation of the statute, was the violation a proximate cause of the accident? One who breaks the statute in question is not necessarily guilty of contributory negligence as a matter of law. He does not thereby become an outlaw to whom no duty is owed by, and with no redress against, the motorist who injures him. The usual rules of causation remain applicable.

Much of the evidence centered about a diagram or "chalk" drawn on a blackboard by a police officer. There is testi-

mony so often found of a "street here," and "skid marks there." The diagram was not introduced in evidence. The record of a trial with its transcript of testimony, exhibits and photographs, cannot include the "chalk," not introduced in evidence, which ends with the use of an eraser. No more can the "chalk" be restored by an appellate court on study of the record, assuming, which is not the case, a duty to attempt such a difficult and unnecessary task.

The party who brings his case forward has the burden of submitting a sufficient and complete record. In the instant case, if the decision rested upon consideration of the "chalk" and the evidence of "here," and "there," the exceptions would necessarily be overruled. A simple plan, introduced as an exhibit, to which the evidence of places, often vital in a trial, may be related, has a value for the record far greater than a "chalk."

*Exceptions sustained.*