WILLIAM H. GREGORY, ADMINISTRATOR
OF THE ESTATE OF HENRY L. GREGORY
*vs.*
WILMER H. JAMES

Androscoggin.  Opinion, April 18, 1958.

*Edward J. Beauchamp,*
*Daniel J. Murphy,* for plaintiff.

*Frank W. Linnell,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. BELIVEAU, J., sat at argument but retired before the opinion was adopted.

DUBORD, J.  This is an action for damages resulting from the instantaneous death of plaintiff's intestate.  He met his

death, while riding as an employee of Maine Central Railroad Company, on a motor driven work car, as a result of a grade crossing collision with an automobile operated by the defendant. The action is based on the alleged negligence of the defendant.

The jury returned a verdict for the defendant and the case is before us on plaintiff's general motion for a new trial.

One of the contentions of the defendant is that the case is not properly before us because of plaintiff's failure to comply with Rule XVII of the Revised Rules of the Supreme Judicial and Superior Courts.

The case was tried at the March 1957 Term of the Superior Court in Androscoggin County.

The docket entries show that after a verdict for the defendant, on the 19th day of the term, the plaintiff addressed a motion for a new trial to the presiding justice. This motion was denied and exceptions noted, allowed and filed.

At the same time an order was entered by the presiding justice, which is noted on the docket, that a transcript of the record be filed by July 1, 1957; and the extended bill of exceptions to be filed by July 22, 1957.

On the 20th day of the term a general motion for a new trial, addressed to the Law Court, was filed by the plaintiff.

At the June 1957 Term, the justice who presided at the March Term extended the time for the filing of the transcript to September 1, 1957, and also extended the time for filing the extended bill of exceptions to September 15, 1957.

No further action is indicated on the bill of exceptions. On August 30, 1957, a transcript of the testimony was filed and the case marked "Law."

The pertinent sections of Rule XVII, read as follows:

"Motions made to have a verdict set aside as against the law and the evidence, whether addressed to the presiding justice or to the Law Court, must be filed during the term at which the verdict is rendered but in any case never more than thirty days after the rendition of such verdict, excepting only that such a motion addressed to said Law Court after denial of a like motion by the presiding justice must be filed within ten days after decision adverse to the moving party is filed by the presiding justice.

"When such a motion is addressed to the presiding justice, it may be heard during the term or during the ensuing vacation at the court's discretion. If the matter is heard during the term, the court's decision thereon, if not rendered during said term, shall be rendered during the ensuing vacation or at the next term following. If the matter is heard during vacation, the court's decision thereon shall be rendered during said vacation. *No exceptions lie to the decision of the presiding justice and no appeal except in cases of felony.* (Emphasis supplied.)

"When such motion is addressed to the Law Court, the party making it shall cause a report of the whole evidence in the case to be prepared, signed by the presiding justice or authenticated by the certificate of the official court stenographer, and filed within such time as the presiding justice shall by special order direct, and, if no such order is made, it must be done within thirty days after the adjournment of the term at which the verdict was rendered or within thirty days after the filing of the motion, whichever is later; if not so done, the motion may be regarded as withdrawn, and the clerk, at a subsequent term, may be directed to enter judgment on the verdict."

Because Rule XVII specifically provides that no exceptions lie to the decision of the presiding justice in refusing

to grant a new trial, defendant now contends that everything which took place prior to the filing of the general motion was a nullity; that a new order should have been entered by the presiding justice fixing a time within which the transcript of evidence should be filed; and having failed to do so, and the thirty day period provided by the Rule having expired, the evidence was filed too late and thus there has been no compliance with Rule XVII.

We are of the opinion that the technicality upon which defendant's contention is based is such as to be disregarded. True, if a bill of exceptions founded upon the denial of the motion by the presiding justice had reached this court, the exceptions would have been dismissed, because of the interdictory provision of Rule XVII. However, as previously pointed out, the exceptions were not prosecuted and it may well be that counsel for the plaintiff promptly discovered his error in noting the exceptions. Undoubtedly, when the presiding justice entered his order fixing a date for the filing of the evidence, he had in mind that the order would apply to any subsequent procedure taken in the case. That such was his intention is further indicated by the fact that he extended the time specified in the original order.

As we said in the very recent opinion of *Palleria* v. *Farrin Bros. & Smith*, "the entry of a new order by the presiding justice serves no useful purpose."

> "Rules of Court are designed primarily to implement procedural statutes, discourage procrastination on the part of litigants and their counsel, and provide a smooth and orderly flow of litigation. They are not to be so interpreted as arbitrarily to destroy rights of appeal and review." *White* v. *Schofield*, 153 Me. 79, 83; 134 A. (2nd) 755, 757.

We rule that plaintiff's motion for a new trial is properly before us.

Plaintiff seeks a new trial on the usual grounds that the verdict is against the evidence and against the weight of the evidence, and he also advances as another ground an allegation that the great preponderance of the evidence shows that the defendant failed to exercise the degree of care incumbent upon him, before attempting to cross the railroad track. We construe this allegation as merely another manner of expressing that the verdict is against the weight of the evidence.

As this court said in *Bragdon* v. *Shapiro,* 146 Me. 83, 84; 77 A. (2nd) 598; in considering the motion we will apply the familiar rules that the evidence with all proper inferences drawn therefrom is to be taken in the light most favorable to the jury's finding and that the verdict stands unless manifestly wrong. See *Morneault* v. *Inh. of Town of Hampden,* 145 Me. 212; 74 A. (2nd) 445; *Lessard* v. *Samuel Sherman Corporation,* 145 Me. 296; 75 A. (2nd) 425.

> "It hardly seems necessary to reiterate the rule, so well known and so consistently applied in this state, that the jury is the arbiter of the facts and that this is a court of law which will not interfere with a jury's verdict unless it is clearly and manifestly wrong." *Inh. of Enfield* v. *Buswell, et al.,* 62 Me. 128; *Weeks* v. *Inh. of Parsonsfield,* 65 Me. 286; *Hill* v. *Finnemore,* 132 Me. 459, 464; 172 A. 826; *Lessard* v. *Samuel Sherman Corporation, supra.*

> "A new trial will not be granted unless the verdict is clearly wrong. Where there is evidence to support a verdict and there is nothing in the case which would justify the substitution of the judgment of the court, who did not see nor hear witnesses, for that of the jury who did, and it appearing that the parties have had a fair trial without prejudicial error in law, the verdict should not be disturbed. The burden is on the moving party to show that the adverse verdict is clearly and mani-

festly wrong." *Stinson* v. *Bridges, Admr.,* 152 Me. 306, 312; 129 A. (2nd) 203.

That jury determination as to the credibility of witnesses and the weight of their testimony will ordinarily not be disturbed by the Law Court is established by a long line of decisions. See *Day* v. *Isaacson,* 124 Me. 407, 409; 130 A. 212; *Gilman* v. *Bailey Carriage Company,* 127 Me. 91, 101; 141 A. 321.

> "Upon conflicting evidence in which the credibility of witnesses was an important factor the jury found for the plaintiff on these notes. The credibility of witnesses and the weight to be given testimony is peculiarly within the province of the jury, and their finding cannot be set aside unless manifest error is shown or the verdict appears to result from bias or prejudice. None of these grounds of reversal are found." *Gilman* v. *Bailey Carriage Company, supra.*

The evidence indicates that on the day of the accident, plaintiff's intestate was riding on a motor driven work car, which was travelling in a westerly direction from Wiscasset and proceeding towards Bath. The defendant was operating an automobile in a general southerly direction on the old Bath Road, so-called. Both vehicles were approaching a crossing of said old Bath Road and the railroad right of way. Because of bushes, tall grass and weeds and also because of the general topography, the railroad crossing in question was a "blind crossing."

The record indicates that the collision occurred when defendant's automobile had almost crossed the railroad tracks.

Section 152, Chapter 22, R. S., 1954, provides in part as follows:

> "Every person operating a motor vehicle upon passing any sign provided for in sections 90 and 91 of Chapter 23, which is located more than 100 feet from a grade crossing shall, upon reaching

a distance of 100 feet from the nearest rail of such crossing forthwith reduce the speed of the vehicle to a reasonable and proper rate and shall proceed cautiously over the crossing."

The record further indicates that a sign had been erected in accordance with the provisions of sections 90 and 91, Chapter 23.

The operator of the motor driven work car, upon which the plaintiff was riding at the time of the collision, testified that his employer had regulations requiring the operator of a motor driven work car, such as he was driving at the time of the accident, to operate at such a speed as would permit an instant stop in the event he could see something on the track. He also testified that while endeavoring to use his brakes and stop the vehicle, he accidentally hit the clutch which had been disengaged and caused the clutch to be re-engaged and thus increase the speed of the vehicle instead of stopping it, or retarding its speed.

The presiding justice in his charge read to the jury the foregoing excerpt from section 152, Chapter 22, relating to the duties and responsibilities of the driver of a motor vehicle approaching a grade crossing. He also carefully and explicitly explained to the jury the law relating to negligence and due care, as well as giving the jury proper instructions on proximate cause.

The question of proximate cause is ordinarily one for the jury.

"It is true that the issue of proximate cause is also one of fact, not of law, and is to be submitted to the jury under proper instructions unless the court can say with judicial certainty that the injury is or is not the natural and probable consequence of the act of which complaint is made." *Nicholas* v. *Folsom,* 119 Me. 176; 110 A. 68, 69; *Elliott* v. *Montgomery,* 135 Me. 372, 374; 197 A. 322.

The evidence in this very important case was conflicting in many aspects. The jury could have found that the defendant had complied with the provisions of Section 152, Chapter 22. They also could have found that the proximate cause of the accident was the act of the operator of the work car in causing the clutch to become reengaged and thus increase the speed of the vehicle.

We have studied all of the evidence with great care. We are of the opinion that there were presented only questions of fact about which intelligent and conscientious men might differ; and this court, in accordance with many prior decisions, will not substitute its judgment for that of the jury.

We find nothing to indicate that the jury reached the verdict through bias, prejudice, or mistake of law or fact. In our judgment the evidence supports the verdict.

*Motion overruled.*