[Crim. No. 8757.   Second Dist., Div. Three.   July 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GROVER PLES TAYLOR, Defendant and Appellant.

322

Grover Ples Taylor, in pro. per., and Bertram H. Ross, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FILES, J.—Defendant, who is now in the state prison, has taken this appeal from an order of the superior court denying his "motion to vacate a void judgment."

The record shows that defendant was orginally charged by an information containing two counts. The first charged

grand theft of an automobile in violation of Penal Code, section 487, subdivision 3, and the second count charged that he did unlawfully take an automobile in violation of section 10851 of the Vehicle Code. The public defender was appointed to represent him. Upon arraignment defendant pleaded not guilty to both counts. When the case was called for trial on October 31, 1961, defendant withdrew his plea of not guilty to count II and pleaded guilty thereto. The court ordered a probation officer's report and continued the case to November 22, 1961. On that day the court denied probation and sentenced defendant to the state prison for the term prescribed by law for the felony to which he had pleaded guilty. Count I was dismissed.

The minutes of November 22 indicate that later in the day defendant's motion (in propria persona) to restore the case to the calendar was granted. Defendant then made a motion to withdraw his plea of guilty, which motion was denied. No appeal was taken at that time.

Thereafter defendant filed his ''Motion to Vacate a Void Judgment,'' which was accompanied by a verified statement of facts and six additional documents, each called ''Motion for Writ of Subpoena,'' whereby he requested the court to issue subpoenas for the attendance of defendant, the deputy district attorney who had prosecuted him, the superior court judge who had sentenced him, a deputy probation officer, the deputy public defender who had appeared for him, and the public defender together with his records of all cases handled by the said deputy. The date when these motions were filed does not appear in the record, but each was dated June 21, 1962, which is also the date of the verification.

On July 11, 1962, the superior court made a minute order denying the motion to vacate the judgment, from which order this appeal has been taken.

Upon defendant's request, this court appointed counsel to represent him here. Appointed counsel filed a brief stating in substance that he knows of no grounds upon which the order could be reversed. Defendant promptly wrote to the court repudiating the appointed counsel. Defendant himself has furnished the court with a brief and a supplement to his brief stating his views of the law.

For such comfort as it may bring to defendant, we state that we do not consider the brief filed by counsel as binding upon defendant or as limiting our consideration of this appeal. We have carefully reviewed the record and have con-

sidered all of the contentions made by defendant, both in his motion and in his briefs, and have considered the authorities which he has cited in support of his position.

Defendant does not contend that the judgment is void on its face. His motion asserted that the judgment was void by reason of facts not appearing on the record. This motion was in the nature of a petition for a writ of *coram nobis*. (See *People* v. *Thomas,* 52 Cal.2d 521, 527 [342 P.2d 889]; *In re Paiva,* 31 Cal.2d 503 [190 P.2d 604].) For the purpose of this appeal we assume that the defendant's contention that his plea of guilty was induced by fraud is an issue which may be raised by such a motion. (See *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657].)

The motion was denied by a judge who was not the judge who had sentenced defendant. It does not appear that anyone received any advance notice of the hearing of the motion, or that there was any hearing other than the court's consideration of the moving papers and the clerk's file. The question presented here, therefore, is whether the moving papers stated facts sufficient to require the superior court to do more than deny the motion summarily.

After a person has been adjudged guilty of a crime, his position is quite different from that of an accused before judgment. The presumption of innocence ends with the judgment, and if a defendant would set the conviction aside he has the burden of alleging and proving the facts which entitle him to such relief. (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].) It is entirely appropriate, therefore, that the trial court examine the papers filed by the convicted man and determine in the first instance whether he has stated any facts which, if proved, would entitle him to relief. (*People* v. *Reid,* 195 Cal. 249, 254 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Hodge,* 147 Cal.App.2d 591 [305 P.2d 957]; *People* v. *Gennaitte,* 127 Cal.App.2d 544 [274 P.2d 169].)

The factual matters alleged by the defendant are, in substance, these:

(1) That defendant informed his counsel of four witnesses in Sacramento who could testify that defendant was in Sacramento at the time the offense was supposed to have been committed in Los Angeles. A few days prior to the date of trial counsel informed defendant "that he had no way to contact any of Petitioner's witnesses, and could not subpoena them for the trial."

(2) Defendant was "threatened and intimidated" by his counsel that unless he pleaded guilty the district attorney would "file numerous prior felony convictions" against him. Defendant did not state directly that he had suffered prior convictions which could have been alleged by an amendment to the information, but he supplied the fact indirectly when he stated, "Judge Whyte [the judge who sentenced defendant] had Petitioner's record before him and well knew that Petitioner would have been charged with several priors had not a deal been made."

(3) On the date the jury trial was to begin, defendant's counsel made certain representations concerning the sentence. Defendant's statement of facts is as follows: "At this time Mr. Jensen [attorney for defendant] again told Petitioner [defendant] that if he would plead Guilty to the lesser charge (10851 V.C.) the Deputy District Attorney would agree to a short jail term. Petitioner then informed Mr. Jensen that if the Judge would agree to a jail sentence, Petitioner would plead Guilty to 10851 V.C. Mr. Jensen thereupon left the detention cell and returned about one (1) hour later and informed Petitioner that he and the Deputy District Attorney had both talked to Judge Whyte in his chambers, and that the judge had agreed to consider a jail sentence. Petitioner thereupon entered a plea of guilty to 10851 V.C., and the Court ordered a probation report and set November 22, 1961 as the date for probation Hearing and Sentence."

The criticism that counsel failed to subpoena witnesses falls with defendant's statement that counsel said he had no way to contact them. Defendant does not state that he furnished the addresses of these potential witnesses, or that they were in truth available, or that counsel could have reached them. Furthermore, if a defendant is dissatisfied with his attorney's preparations for trial, he must employ some other tactic than to plead guilty and then ask that the judgment be set aside months later. If he believed that his court-appointed attorney was negligent, the time to have said so was before judgment, when the trial judge could have done something about it. (*People* v. *Youders,* 96 Cal. App.2d 562, 569 [215 P.2d 743].)

The claim that defendant was "threatened and intimidated" by his counsel appears to mean only that counsel properly advised him of the unpleasant consequences which the law provided for one in his position. Penal Code, section

969a, provides that whenever it shall be discovered that a pending information does not charge all prior felonies of which the defendant has been convicted, the information may be amended to charge such prior convictions. It is not contended that defense counsel did not have good reason to believe that the information would be so amended if the case went to trial. The fact that defendant faced a choice between disagreeable alternatives does not now constitute a ground for relieving him of his decision. (Cf. *People* v. *Hodge*, 147 Cal. App.2d 591 [305 P.2d 957]; *People* v. *Toledo*, 111 Cal.App. 204 [295 P. 353].)

As to the alleged misrepresentation concerning the sentence, defendant's own statement makes it perfectly clear that he was not deceived, merely disappointed. He did not rely upon the district attorney's consent to a jail term. Instead, he asked for an agreement on the part of the judge. He was told that the judge had agreed to consider a jail sentence. This apparently satisfied him at the time. Defendant does not now aver that the district attorney failed to agree to a jail term, nor that the judge failed to consider it. Quite obviously the judge did consider it, but after examining the probation report and the record of prior felony convictions, the court decided on a prison sentence.

This is not a case in which the free will and judgment of the defendant were overreached by any unjustified representations. Defendant's own statement fails to indicate that before he pleaded guilty anyone gave him any false information or any improper advice. He was given the facts as they then appeared to his counsel, and he made his decision to plead guilty. Up to that point a jury trial was available to him, but at that time he did not want that kind of justice. It is well settled that the frustration of a defendant's hope for a lighter sentence is in itself no ground for setting aside his plea. (*People* v. *Manriquez*, 188 Cal. 602, 605 [206 P. 63, 20 A.L.R. 1441].)

In view of what has been said about the merits of defendant's motion, it is unnecessary to decide whether his motion was timely under the circumstances.

The order is affirmed.

Shinn, P. J., and Ford, J., concurred.