EDWARD ST. PETER AND JOYCE ST. PETER
*vs.*
THOMAS DYER

Kennebec.    Opinion, July 7, 1965.

*Jerome G. Daviau,* for Plaintiffs.

*Brown, Wathen & Choate,*
   by *George A. Wathen* and
      *William M. Finn,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN,
   MARDEN, JJ.  RUDMAN, J., did not sit.

SULLIVAN, J.   On a winter's night during a storm of
mixed snow and sleet the 15 year old daughter of the plain-
tiff walked on her right side of the snow covered highway.
No sidewalks had been provided in the area.   Defendant in

the same direction in the same travel lane and to the rear of the girl drove his automobile along the way. His car struck and injured the girl. Her father upon her behalf instituted this action to recover for his daughter compensation for her injuries and to obtain for himself reimbursement for consequential medical and hospital services which he had afforded for his daughter.

A consolidated jury trial was had and verdicts for the defendant were returned. Plaintiff has appealed.

We note that the record in the instant case is wanting as to some mandatory directions of M. R. C. P., Rule 75 (g).

Plaintiff's points of appeal appearing in a "supplemental record" are as follows:

> "The trial court erred in refusing to instruct the jury that the Defendant had the burden of proof, and must prove with a preponderance of the evidence that the Plaintiff, Joyce St. Peter, was in violation of law, as requested."

In the Trial Court following the presiding justice's instructions to the jury and prior to the jury's retirement for deliberation plaintiff's counsel had presented to the justice the following requested instruction:

> " - - - - that the jury be instructed that the alleged illegality of the plaintiff walking on the right-hand side of the highway required the defendant to go forward with the evidence, the burden of proof being upon him as to the illegality and causation thereof."

The record discloses that the court "denied" plaintiff's request but no objection to that ruling by the justice was noted by the plaintiff before the jury withdrew for deliberation. M. R. C. P., 51 (b).

Throughout the instant case with the plaintiff lay the burden of verifying by a preponderance of the evidence the

freedom from causally connected contributory negligence of the pedestrian daughter.

> "- - - - In accordance with familiar principles, which have been so frequently laid down by this court that reference to the authorities is unnecessary, it was incumbent upon the plaintiff, in order to entitle him to have the case submitted to the jury, to introduce testimony tending to affirmatively prove two propositions, the negligence of the defendant in some of the respects complained of, and that no failure upon his part to exercise due care contributed to the accident; *and it was as essential for him to affirmatively prove the exercise of due care upon his part as to show negligence upon the part of the defendant."*
>
> *Blumenthal* v. *Railroad,* 97 Me. 255, 257. (Emphasis supplied.)

> " 'The negligence is the gist of the action, *but the absence of negligence contributing to the injury, on the part of the plaintiff, is equally important.'* "
> *Wormell* v. *Railroad Co.,* 79 Me. 397, 403. (Italics ours.)

R. S., 1954, c. 22, § 147 reads as follows: (29 M. R. S. A., § 904)

> "Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the way or its shoulder facing traffic which may approach from the opposite direction."

The injured girl had been violative of that statute only if as a matter of fact it had been practicable at the time, at the place and under the attendant circumstances of the accident for her to have walked only on the *left* side of the way facing oppositely approaching traffic. The statute presented questions of fact for resolution by the jury. *Stearns* v. *Smith,* 149 Me. 127, 129.

The testimony of the girl in direct and cross examination and the testimony of other witnesses supplied evidence to

warrant the jury in finding either that the young lady had conducted herself with due care, had violated the statute and had incurred a disputable presumption of her contributory negligence (*Elliott* v. *Montgomery,* 135 Me. 372, 374; *Tibbetts* v. *Harbach,* 135 Me. 397, 403. See, *Hinds* v. *John Hancock Ins. Co.,* 155 Me. 349, 364) or had been affirmatively guilty of proximately contributory negligence. There may have been moments when it behooved the defendant to go forward with evidence, to observe the burden of persuasion, etc., but the burden of proof as to her own due care remained at all times with the girl.

The trial justice was correct in his denial of plaintiff's requested instruction.

The plaintiff by motion sought leave of this Law Court to amend his statement of points of appeal. Such motion was dismissed without prejudice. Leave was given to the plaintiff upon Appellate Court argument of the case to resubmit the motion if the record of the case were otherwise complete and should disclose that objections by the plaintiff were timely made to the refusal or failure of the Trial Court to instruct the jury as the plaintiff had requested by his requested instruction hereinbefore set forth. The conditions imposed for resubmission of the motion were not satisfied.

The mandate shall be:

*Appeal denied.*