**STATE of Maine**

**v.**

**Michael F. BELLANCEAU.**

Supreme Judicial Court of Maine.

Jan. 11, 1977.

Henry N. Berry, III, District Atty., Peter G. Ballou, Richard J. Kelly, Assistant Dist. Attys., Portland, for plaintiff.

Nixon & Corson by Robert N. Walker, David J. Corson, Yarmouth, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

After a jury trial in the Superior Court the defendant was found guilty of armed robbery. 17 M.R.S.A. § 3401-A. By appropriate motions seasonably filed the defendant has preserved for appellate review his contention that the evidence was insufficient to support the guilty verdict.

We deny the appeal.

Between the hours of 9:50 p. m. and 10:00 p. m., on March 31, 1975, a variety store in Portland was the scene of an armed robbery. The defendant was not physically within the store at that precise moment. At trial the admitted perpetrator of the robbery, after denying that appellant was involved in any way with the commission of the crime, testified that fifteen minutes after he left the variety store, he and a companion "flagged down" the appellant as he was, "by coincidence," driving his automobile near the scene of the robbery. The defendant was a friend of both the robber and the companion and had been with them on two different occasions on that day.

This description of the appellant's conduct contrasted sharply with that given by a detective of the Portland Police Department, who testified that he observed the robber and his companion running from the variety store toward an automobile, which he had observed *parked* for at least five minutes. According to the detective,

---

* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

the vehicle, with the robber and his companion as passengers, was then rapidly driven away. The officer followed the vehicle through several streets and parking lots at high speeds but was finally able to stop it. He identified the defendant as the operator.[1]

■ The appellant first argues that he was not "constructively present" during the robbery *as a matter of law*. In order to sustain a conviction "as a principal in the commission of a felony, [the defendant] must be proved to be present either actually or constructively at the time and place it was committed." *State v. Saba*, 139 Me. 153, 156, 27 A.2d 813, 815 (1942). *See State v. Gaddis*, 322 A.2d 96, 99 (Me. 1974); *State v. Mower*, 317 A.2d 807, 811, n.2 (Me.1974); *State v. Berube*, 158 Me. 433, 434, 185 A.2d 900, 901 (1962).

It is conceded by the State that the defendant was not present within the variety store when the robbery occurred. Therefore, the defendant's criminal liability as a principal depends on whether he was *constructively* present during the commission of the crime.

■ The defendant contends that because he was not within "visible or hearing distance" of the variety store, in legal contemplation he could not be *constructively present*. In support of this position he cites *State v. Simpson*, 276 A.2d 292 (Me. 1971), and *State v. Saba, supra*. The defendant's reliance on these cases is misplaced. In *Simpson* we intimated that in order to impose criminal liability on a person as a principal it is not necessary that he be "an eye or ear witness" to the crime. *State v. Simpson*, 276 A.2d at 295, n.2, quoting *White v. State*, 154 Tex.Cr.R. 489, 228 S.W.2d 165, 170 (1950). Liability as a principal may legally attach where one is

immediately available by pre-arrangement "for the purpose of assisting the perpetrator in his escape." *State v. Simpson*, 276 A.2d at 295. *Saba* is entirely consistent with that concept.

■ The defendant's contention that, *as a matter of law*, he could not be deemed constructively present is without merit.

The defendant next asserts that the evidence produced at trial was legally insufficient to support the jury's conclusion that he was constructively present during the armed robbery. In support of this argument the defendant attacks the testimony of the detective as being so vague and uncertain that *this Appellate Court* cannot find sufficient articulative facts therein to support the guilty verdict.

During his direct examination the detective used a blackboard diagram to illustrate his location in relation to that of the defendant, his parked car, and the variety store. Throughout his testimony, in referring to the diagram he used the words "here" and "there" to describe both his position as well as that of the defendant. We agree that on the state of the *appellate* record it is difficult to understand where the detective was positioned and how he was able to observe the defendant's automobile in its relation to the variety store.

As we understand the appellant's position, he is urging us to adopt a rule of appellate review which would require a reversal of a criminal conviction if the appellate court could not demonstrate from the record the accuracy of a guilty verdict. This position is stated as follows in the defendant's brief:

"This indigent Defendant has the right of [sic] have his criminal conviction re-

---

1. The detective was unaware that an armed robbery had taken place. On the contrary, he was on a surveillance in the vicinity for the purpose of investigating an entirely unrelated matter.

viewed by this Appellate Court. The 'blackboard diagram' was an important piece of evidence against him upon which the jury relied. *It was not his obligation,* nor that of his counsel *to articulate for clarity the chalk diagram*; it is duty of the prosecution to demonstrate to this Court that a valid verdict was obtained. Notwithstanding the obligations of counsel in civil matters to perserve [sic] and present a full record, *in criminal matters the presumption of innocence carries until this Law Court is satisfied that the evidence warrants the verdict.*" (Emphasis supplied.)

We conceive this argument to be falsely premised since it relies on the continuing viability of the presumption of innocence following the rendition and acceptance of a jury verdict of guilt and the entry of a judgment in accordance therewith.[2]

■ We have been unable to discover any Maine case which has addressed the precise issue which the appellant's argument raises. On the civil side there is no doubt that the appellant has the ultimate burden of submitting to the reviewing court a sufficient record to undergird an appeal. *Interstate Ind. Uni. Rental Inc. v. Couri Pontiac, Inc.,* 355 A.2d 913, 917 (Me.1976); *Tierney v. Quinn,* 157 Me. 542, 547–48, 175 A.2d 725, 727–28 (1961); *Ward v. Merrill,* 154 Me. 45, 51–52, 141 A.2d 438, 441–42 (1958).

■ If we can assume that the presumption of innocence has been eliminated by a guilty finding, we can think of no valid reason why the civil rule is not appropriate to the review of criminal proceedings, assuming that the State has done nothing to inhibit the defense in making a complete, fair and adequate record.

We have examined the case law in other jurisdictions that have had occasion to discuss the continued viability of the presumption of innocence following a guilty finding and have found that the general rule supports the proposition that a defendant no longer has the benefit of this presumption. It is generally held that a conviction and an appropriate judgment eliminates the existence of the presumption of innocence and an accused thereafter has the burden of proving that the conviction was erroneous. As then Circuit Judge Burger put it:

> "Until appellant's conviction he was presumed innocent but that presumption is altered with guilty verdict and judgment."

*Pannell v. United States,* 115 U.S.App.D.C. 379, 320 F.2d 698 (1963). Many other jurisdictions have reached the same conclusion.[3]

■ Of course, it can no longer be subject to doubt that the presumption of innocence, being a protective shield rather than an offensive weapon, is critical to prevent the conviction of an innocent person and

2. Appellant cites no authority to support this argument but apparently reasons by analogy from language found in *Stearns v. Smith,* 149 Me. 127, 130, 99 A.2d 340, 341 (1953). *Stearns* was a civil negligence case in which the Court decried the failure of the party bringing the case forward to include a "chalk" in the record so that the Court could evaluate the meaning of the words "here" and "there" used by a witness.

3. *United States v. Thaxton,* 483 F.2d 1071, 1073 (5th Cir. 1973); *Glynn v. Donnelly,* 470 F.2d 95 (1st Cir. 1972); *White v. State,* 533 S.W.2d 735, 738 (Tenn.Cr.App.1976);

*Ridley v. State,* 236 Ga. 147, 223 S.E.2d 131, 132 (1976); *Price v. Turner,* 28 Utah 2d 328, 502 P.2d 121, 122 (1972); *Coleman v. McGettrick,* 2 Ohio St.2d 177, 207 N.E. 2d 552, 554 (1965); *Rainsberger v. State,* 81 Nev. 92, 399 P.2d 129, 131 (1965); *Brenner v. State,* 217 Tenn. 427, 398 S.W.2d 252, 257 (1965); *Coates v. City of Evansville,* 149 Ind.App. 518, 273 N.E.2d 862, 868 (1971); *People v. Duffield,* 20 Mich.App. 473, 174 N.W.2d 137, 140 (1969); *People v. Taylor,* 218 Cal.App.2d 321, 32 Cal.Rptr. 384, 386 (1963); *Gonzalez v. State,* 97 So.2d 127, 128 (Fla.Dist.Ct.App.1957).

must remain inviolate until a judgment of guilt has been rendered. *State v. Hudon*, 142 Me. 337, 347, 52 A.2d 520, 525 (1947). Up to the point of conviction by the jury we may assume, since no argument otherwise is made, that the State had trespassed on no procedural or substantive rights of the appellant. Thereafter the need for this legally protective armor no longer exists since the judgment of guilt has been entered, reflecting the fact that the State has satisfied the burden of proof. Therefore, we can envision no valid reason why, pending appeal, Maine should invoke what has become, by the verdict, a fiction.

Turning then to the question of who has the burden of bringing forward an adequate appellate record, there seems to be no serious question in any jurisdiction that the burden rests upon the appellant.[4]

The appellant could have easily had the "chalk" photographed, admitted as an exhibit, and reproduced for our inspection on appeal. This was his responsibility and, with this assistance, the testimony would certainly have been more meaningful.

We recognize, however, that the jury was not confronted by a sterile record but had the advantage of observing the officer use the diagram to illustrate what he was referring to when he used the words "here" and "there." We cannot say that the jury, being thus advantaged, was unable to comprehend and evaluate the officer's testimony.

The entry is:

Appeal denied.

All Justices concurring.

DELAHANTY, J., sat at argument but did not participate further in the opinion.

***

4. *Interstate Ind. Uni. Rental Inc. v. Couri Pontiac, Inc., supra.* See also *Commonwealth v. Hall*, 343 N.E.2d 388, 399 (Mass. 1976); *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974); *State v. Jones*, 167 Conn. 228, 355 A.2d 95, 98 (1974); *Commonwealth v. Tatro*, 346 N.E.2d 724, 726 (Mass.App. 1976); *Dart v. State*, 515 S.W.2d 119, 121 (Tex.Crim.App.1974); *State v. Parks*, 20 N.C.App. 207, 200 S.E.2d 837, 838 (1973).